THE STATE OF FLORIDA *ex rel*. R. B. SLAY, L. E. JOHN-SON' AND O. G. SHIVERS, *Relators*, v. THOMAS D. WHITE AS TAX COLLECTOR OF WASHINGTON COUNTY, FLORIDA, *Respondent*.

Opinion Filed February 22, 1917.

The word "month" appearing in Section 204 of the General Statutes of Florida, 1906, requiring the Tax Collector of each county to receive poll taxes properly tendered to him up to the "second Saturday of the *month* preceding the day of any general or special election," and to make a list of those who have paid their poll taxes in each year "prior to the second Saturday of the *'month'* preceding the day in any year in which any general or special election shall be held," and within "five days after the second Saturday in the *'month'* preceding the day in any year in which any general or special election shall be held" to make certified lists in duplicate of all persons who have paid their poll taxes for the two years next preceding the year in which such election is held "prior to the second Saturday in the *'month'* preceding the day upon which such election shall be held," etc., means "Calendar month," or that period of time elapsing between a given date and the corresponding date of the next preceding month by name.

Alternative writ denied.

*Will H. Price* and *H. H. Wells*, for Relators.

ELLIS, J.—A petition was filed by relators praying for a writ of mandamus to be directed to Thomas D. White as Tax Collector of Washington County commanding him forthwith to make a certified list in duplicate of all persons who have paid their poll taxes for the two years next preceding the year 1917 prior to the second Saturday in February, 1917, and as soon as

completed deliver one of said lists to the Supervisor of Registration for Washington County to be filed in his office and forward the other to the Comptroller of the State of Florida to be filed in his office.

The allegations of the petition upon which this prayer rests are in substance as follows: The County Commissioners of Washington County upon petition filed under the statute ordered an election to be held at the several precincts in the county to determine whether the location of the present county site of said county should be changed. The election was called to be held March 20th, 1917, and notice of the said election was being given by publication in a newspaper as the statute directs. That the Tax Collector had refused to make certified lists in duplicate of all persons who have paid their poll taxes for the two years next preceding the year 1917 prior to the second Saturday in February, 1917, and more than five days have elapsed since that day.

The statute prescribing the Tax Collector's duty under such circumstances is Section 204 General Statutes of Florida, 1906, which is as follows: "The tax collector of each county shall in person or by deputy be present in his office from 9 a. m. to 1 p. m. and from 2 p. m. to 6 p. m. each day, Sunday excepted, for twenty days immediately preceding the second Saturday of the month preceding the day of any general or special election, for the purpose of receiving all poll taxes properly tendered to him; and he shall as soon as practicable after receiving the same, give receipts therefor in due form of law, in which receipts shall be stated the color and age of the elector and the number of the election district in which such elector or person paying such poll tax resides. The tax collector shall make a list of those who have paid their poll taxes in each year prior to the second Saturday of the

month preceding the day in any year in which any general or special election shall be held, and such list shall be alphabetically arranged. The tax collectors of the several counties of this State, within five days after the second Saturday in the month preceding the day in any year in which any general or special election shall be held, shall make a certified list in duplicate of all persons who have paid their poll taxes for the two years next preceding the year in which such election is held, prior to the second Saturday in the month preceding the day upon which such election shall be held; and one of said lists shall be delivered by the tax collector as soon as the same is completed to the supervisor of registration, to be filed in his office, and the other shall be forwarded to the Comptroller of the State of Florida, which he shall file in his office."

Relators contend that the word "month" as used in the sentence "Second Saturday of the month preceding the day of any general or special election," etc., means the calendar month by name, which immediately precedes that month in which the election is to be held. Following this interpretation of the word "month" as used in the statute, relators allege that inasmuch as the election was called for the 20th day of March, 1917, the list which the Tax Collector is required to make of those who have paid their poll taxes should include only those electors who have paid their poll taxes prior to the 10th day of February, which it is alleged is the second Saturday of the month preceding the day on which the election is to be held. That within five days after that date, to-wit, February 15th, the Tax Collector should have made the certified list in duplicate required by the statute.

Section 202 of the General Statutes of Florida, 1906, provides that the Supervisor of Registration shall note on

the registration books, which he shall furnish to the inspectors, the names of all persons registered therein "who shall have paid on or before the second Saturday of the month *immediately* preceding the day of the election, their poll or capitation taxes for two years next preceding the year in which such election is held" etc.  Section 170 of the General Statutes prescribing the qualifications of voters provides in paragraph six of that section that "no person shall be permitted to vote at an election who shall have failed to pay at least on or before the the second Saturday in the month preceding the day of such election, his poll taxes for the two years next preceding the year in which such election shall be held."

The sections of the General Statutes providing for the holding of special elections to determine the location of county sites, provide that the County Commissioners upon receiving the petition provided for, shall order an election to be held as directed in the statute and "shall give not less than thirty days notice thereof" and no person shall be allowed to vote in such elections except those qualified to vote under the General election laws of Florida, and that all elections held under the provisions of that act shall be conducted in the manner prescribed by law for holding general elections in this State, etc.  See Sections 831-834 General Statutes, 1906, as amended by Chapter 6239 Laws of Florida, 1911, Florida Compiled Laws, 1914, Sections 831-834d.

It was the evident purpose of the legislature by the above provisions of the statute to allow the electors all the time that could reasonably be allowed in which to pay their poll taxes in order to be qualified to participate in the election and at the same time allow sufficient time to the Tax Collector to make up in duplicate and certify to the list of persons who had paid their poll taxes for the

two years next preceding the year in which the election is held. It was also the evident purpose of the act in requiring a notice to be given of the special election to be held, that the electors of the county might be given an opportunity to pay their poll taxes and thus qualify themselves for participation in the election. When any question of public interest is to be submitted to the decision of the people at an election to be held for ascertaining their will, it is certainly desirable to obtain, and the undoubted purpose of the law to secure as full, complete and thorough an expression of the public will as possible, which can be done only by participation in the election of the entire electorate or all of the qualified voters. To secure this end the statutes require a notice to be given of the election and then provide for an opportunity in which each elector may, if he has not already done so, pay his poll tax, and thus qualify himself for voting in the election.

The construction insisted upon by the relators defeats the purpose of the statutes as we have undertaken to point out. In the first place, such construction tends to decrease instead of to increase the days or time in which the elector may pay his poll taxes; his opportunity for qualifying himself for voting at the election is decreased instead of increased, the construction makes for suppressing the expression of the will of the people instead of encouraging it. In the second place, the construction contended for by relators would render it possible for the County Commissioners to fix the date of the election so that the thirty days notice expiring on the day before the date fixed for the election, the term fixed by statute as the last day upon which poll taxes might be paid would have expired before the notice of the election called by the County Commissioners had appeared in the

newspapers.   Such construction should not .be placed upon the statute if it can be avoided.   The word "month" when used in a statute or contract without qualification meant at common law, a lunar month of twenty-eight days.   See 5 Words and Phrases, 4574.   In the United States, however, the word is construed to mean calendar time.   See authorities cited in Words and Phrases, *supra*, and Guaranty Trust & Safe-Deposit Co. v. Buddington, 27 Fla. 215, 9 South. Rep. 246; Myakka Co. v. Edwards, 68 Fla. 382, 67 South. Rep. 217, where the words "four weeks" was construed to mean twenty-eight days, and in the case of Bacon v. State, 22 Fla. 46, where an order was made allowing three months in which to make up a bill of exceptions, it was held that the time expired October 18, and the word meant calendar month.

The word "month" as used in the statutes above quoted means a calendar month, or that period of time elapsing between a given date and the corresponding date of the next preceding month by name.   See Heaston v. Cincinnati &. F. W. R. R., 16 Ind. 275, 79 Amer. Dec. 430; McGinn v. State, 46 Neb. 427, 65 N. W. Rep. 46, 30 L. R. A. 450.   According to this view the second Saturday of the month preceding the day of election occurs on the 3d day of March and the time for the performance of the duty of the Tax Collectors under the statute has not arrived.   The alternative writ therefore is denied.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.