244 So.2d 528 (1970)
DALY ALUMINUM PRODUCTS, INC., a Florida Corporation, Appellant,
v.
Robert M. STOCKSLAGER and Myrtle R. Stockslager, His Wife, Appellees.
No. 70-244.
District Court of Appeal of Florida, Second District.
December 11, 1970.
Rehearing Denied January 4, 1971.
Goldner, Marger, Davis & Rightmyer, P.A., St. Petersburg, for appellant.
Hammond & Holman, Pinellas Park, for appellees.
LILES, Acting Chief Judge.
The appellant is a subcontractor and was not in privity with the appellee-owner at *529 the time the work was done by the subcontractor. Appellant commenced improvement on appellees' property on June 6, 1968, and completed it on June 24, 1968. Appellees made final payment to the general contractor on July 24, 1968, and the subcontractor has never been paid.
On the forty-third day after commencement of the construction the subcontractor mailed by certified mail notice to the property owners that he had not been paid. The forty-fifth day was on Sunday and the notice was not delivered until the following Monday, which was the forty-sixth day.
Appellant asks this court to decide whether the notice of service to the owner in a mechanic's lien case is completed upon mailing or upon receipt; and if service must be received before becoming effective will notice be effective when served on the forty-sixth day since the forty-fifth day fell on Sunday and no mails were delivered that day. They also pose the question of whether or not in a mechanic's lien is notice to the owner timely served if served within forty-five days from the commencement and before the date of the contractor's affidavit but served after the completion of the work and after the owner has paid the primary contractor.
Florida Statutes 713.18(1) (c), F.S.A. specifically says that notice shall be by one of the following methods: "By mailing the same, postage prepaid, by registered mail or certified mail * * *" This particular provision of the Mechanic's Lien Law has never been construed in Florida. We believe that notice as provided for in the statute cannot be effective until received. However, since the last day, the forty-fifth day as prescribed in the statute, fell on Sunday we further hold that the receipt of notice was timely since it was received on the forty-sixth day, the forty-fifth day being on Sunday. We arrive at this conclusion by comparing FRCP 1.090 (a), 30 F.S.A. and F.A.R. 3.18, 32 F.S.A. While we recognize the Mechanic's Lien Law statute is silent in this regard it makes sense that the same construction be placed upon the statute as is laid down in the rules.
We pass now to the second point. Because the first point was answered in the affirmative, the notice was timely served within the forty-five days from commencement of the improvements. The notice was served after completion of the improvements and after the owner had paid the primary contractor. It appears that the owner did not use the proper procedure to determine whether the subcontractor had been paid. The law provides that the general contractor shall furnish to the owner an affidavit that all subcontractors have been paid. He did furnish to the owner a statement saying that all had been paid or would be paid and then failed to pay the appellant, Daly Aluminum Products, which was a subcontractor.
We believe the trial court erred in its final judgment when it said: "The fact that the defendant in this case received a defective statement from the contractor is not controlling." It seems to us that one of the primary reasons for the Mechanic's Lien Law is to prohibit what has happened to this subcontractor from happening. While the owner may be required to pay an additional sum to the subcontractor, he should have requested an affidavit from the contractor showing all subcontractors had been paid.
For these reasons we believe the trial judge erred and we remand with directions to enter final judgment consistent with this opinion.
Reversed and remanded.
PIERCE and MANN, JJ., concur.