275 So.2d 54 (1973)
Ignacio HERRERO, Administrator of the Estate of Carlos P. Herrero, Deceased, Appellant,
v.
The BLACK AND DECKER MANUFACTURING COMPANY, a Maryland Corporation, and Larry Kane, Appellees.
No. 72-845.
District Court of Appeal of Florida, Third District.
March 27, 1973.
Weinstein & Bavly, Miami, for appellant.
Blackwell, Walker & Gray and Jonothan Lynn, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant is seeking review of a final judgment of dismissal of his wrongful death claim.
While at his job on November 14, 1969 Carlos P. Herrero was using a drill manufactured by defendant-appellee, Black and Decker Manufacturing Company. As a result of a defect in the drill, he was electrocuted and died on the same day. On Monday, November 15, 1971, plaintiff, administrator of the deceased's estate, filed suit under the Survivorship and Wrongful Death Statutes. The court granted defendant's motion to dismiss the claim on the ground that the two year statute of limitation had run on Sunday, November 14, 1971.
Appellant contends that where the last day of a two year period falls on a Sunday, a suit for wrongful death is timely filed on the next day, to-wit: Monday. We agree.
*55 We are in accord with the general view that, if the last day of a period of limitation for commencing an action falls on a Sunday or on a legal holiday, the period is extended and the action may be commenced on the following secular or business day. See 86 C.J.S. Time § 14(9) (1954) and cases cited therein.
We also are guided in our decision by Stockslager v. Daly Aluminum Products, Inc., Fla. 1971, 246 So.2d 97 which is analogous to the case sub judice. In Daly, the Florida Supreme Court held that where the last day on which notice of a mechanic's lien could have been filed fell on a Sunday, the notice filed on the following day was timely.
Further, we are influenced by the language contained in RCP 1.090(a), 30 F.S.A. and FAR 3.18, 32 F.S.A. Both rules exclude Saturday, Sunday, or a legal holiday as being the last day in computing any period of time under the rules, by order of court, or by any applicable statute. Instead, the period runs until the end of a next day which is neither a Saturday, Sunday, nor a legal holiday. Although the limitation statute, F.S. § 95.11, F.S.A., is silent in this regard it makes sense that the same construction be placed upon the statute as is laid down in the rules. See Daly Aluminum Products, Inc. v. Stockslager, Fla.App. 1970, 244 So.2d 528.
Appellee, in his brief, places much gravity in Lundstrom v. Lyon, Fla. 1956, 86 So.2d 771 where the court was faced with the problem of determining when an action was "commenced" so as to toll the running of the statute of limitation. However, Lundstrom is distinguishable from the case sub judice in that in Lundstrom there was a direct conflict between the old Florida Common Law Rule 4 (now RCP 1.050, 30 F.S.A.) and F.S. § 95.01, F.S.A. Clearly no such conflict exists between the statute and the rules in the case at bar. We also note that F.S. § 95.01, F.S.A. was repealed, as superseded by the Florida Rules of Civil Procedure. Therefore, we are compelled to reject Lundstrom as controlling.
Accordingly, the judgment of the trial court is reversed with directions to proceed in accordance with this opinion.
We further deem it appropriate to certify this decision to the Supreme Court as one involving a question of great public interest, such question being:
Pursuant to the rule making powers given the Supreme Court under the Florida Constitution (F.S.A. Const. Art. V, § 2), is it a matter of judicial jurisdiction and therefore a question of judicial interpretation for the court to compute the time where a statute provides for a limitation period but is silent as to the method of computation if the last day of the time period falls on a Saturday, Sunday, or a legal holiday?