284 So.2d 463 (1973)
Sandra PONCIER, As Administratrix of Estate of Eva E. Buck, Deceased, Appellant,
v.
STATE of Florida, DEPT. OF HEALTH AND REHABILITATIVE SERVICES, DIVISION OF FAMILY SERVICES, Appellee.
No. 73-712.
District Court of Appeal of Florida, Third District.
October 16, 1973.
Rehearing Denied November 20, 1973.
Philip Medvin, Miami, for appellant.
Robert J. Horne, Jacksonville, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
The appellant, Sandra Poncier, was sued in the Circuit Court as the administratrix of the estate of Eva E. Buck. The plaintiff-appellee was the State of Florida, Department of Health and Rehabilitative Services, Division of Family Services. The plaintiff brought the action to recover public assistance payments from the estate of the deceased pursuant to Fla. Stat. § 409.345, F.S.A.
The procedural background may be summarized as follows. A claim filed by the Division was followed by service of the administratrix's objection to the claim pursuant to Fla. Stat. § 733.18(2), F.S.A. Although service of this objection was effected on November 1, 1972, suit was not filed by the Division until January 4, 1973. Pursuant to § 733.18(2), timely filing of such a suit is limited to a period of two calendar months following service of the objection. See State ex rel. Slay v. White, 73 Fla. 426, 74 So. 486 (1917); In re Application of Ruan Transport Corp. of Nebraska, 163 Neb. 319, 79 N.W.2d 575 (1956). The statute provides in part as follows:
* * * * * *
"The creditor or claimant shall thereupon be limited to two calendar months from the date of such service [of the objection] within which to bring appropriate *464 suit, action or proceedings upon such claim or demand. The county judge for good cause shown may extend the time for filing objection to any claim or demand or the time for serving such objection, and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; but in any of said instances, said extension of time shall be granted only after due notice of such application. No suit, action or proceeding shall be brought against any personal representative after the time limited above."
* * * * * *
The appellant moved to dismiss the complaint upon the ground that the complaint was not filed within the time prescribed by law for the institution of such an action. The trial judge denied the motion to dismiss and this interlocutory appeal followed.
It should be noted that the appellee does not urge the inapplicability of the statute relied upon by the appellant. Rather, it urges that the leading cases construing the pertinent portions of Fla. Stat. § 733.18(2), referring to the time in which suit must be filed after an objection is served, hold that the statute is not a statute of non-claim but is a statute wherein stated time limits operate as rules of judicial procedure. It further argues that the denial of the motion to dismiss was in effect an exercise by the circuit court of the authority formerly granted to county judges but now properly exercised by the circuit court to extend the time within which suits may be filed. See Fla. Stat. § 26.012(2)(b), F.S.A.
Conversely, the appellant urges that a proper interpretation of the statutes does not provide for the exercise of the power in question by any judge other than the probate judge. We think that it is clear that the power to extend the time for the filing of suits rests in the judge of the probate cause and not in the trial judge. A statute should be given a reasonable interpretation in harmony with the intent of the legislature. See State ex rel. Hughes v. Wentworth, 135 Fla. 565, 185 So. 357 (1938); Maryland Casualty Company v. Marshall, Fla.App. 1958, 106 So.2d 212. The die is cast when the suit is filed. Either the court has the right under the statute to accept it or it does not. We therefore conclude that the trial judge mistakenly denied the defendant-appellant's motion to dismiss and the cause is remanded for the entry of an order dismissing the complaint with prejudice.
Reversed and remanded.