QUESTION:
What rules should be applied in computing the time required for filing reports, et cetera, under Ch. 73-128, Laws of Florida?
SUMMARY:
Unless and until otherwise clarified by the legislature or the courts, all days, including Saturdays, Sundays, and holidays, should be counted in computing the time periods established by Ch. 73-128, Laws of Florida, except when otherwise specifically provided in the act or when the performance of an act is rendered impossible on the last day of the period in which it must be performed by reason of such last day falling on a Saturday, Sunday, or holiday.
In AGO 052-127, Biennial Report of the Attorney General, 1951-1952, p. 141, about which your letter specifically inquires, one of my predecessors in office adhered to the then current view that in computing a time period of less than seven days, intervening Sundays should be excluded in the count. Authorities cited for that proposition were State ex rel. Ashton v. Harris,155 So. 100 (Fla. 1934); Croissant v. DeSoto Improvement Co.,101 So. 37 (Fla. 1924); and F.E.C. Ry. Co. v. George, 107 So. 266
(Fla. 1926). Since that time, as a result of changes in the court procedure rules and in the treatment of the issue by the courts, the general rule has been modified.
Rule 1.090(a) of the Florida Rules of Civil Procedure provides the following rules for computation of time:
"In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday orlegal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday.When the period of time prescribed or allowed is less than sevendays, intermediate Saturdays, Sundays and legal holidays shall beexcluded in the computation. (Emphasis supplied.)
In AGO 070-143 my predecessor in office held that:
". . . it would be reasonable and appropriate . . . to apply the provisions of said Rule of Civil Procedure 1.090(a) when computing the three days mentioned in s. 932.61(4), F.S., . . . and to exclude Saturdays, Sundays and legal holidays if said rule would require their exclusion in a civil suit."
The conclusion was based in part on the authors' comment found in 30 F.S.A., p. 14, which says with respect to the applicability of the Florida Rules of Civil Procedure:
"Except where they conflict with statutory provisions, the rules may serve as a useful guide for approved procedure even in courts, agencies, or proceedings to which not expressly applicable."
Also see Dade County Planning Department v. Ransing, 158 So.2d 528
(Fla. 1963).
In a recent opinion, AGO 073-254, I examined the recent court decisions on this issue and noted:
"In Daly Aluminium Products, Inc. v. Stockslager, 244 So.2d 528
(2 DCA Fla. 1970), cert. denied 246 So.2d 97 (Fla. 1971), the district court concluded that notice of a mechanic's lien served pursuant to Ch. 713, F.S. 1969, which was required to be served within 45 days, was timely even though received on the 46th day inasmuch as the 45th day fell on a Sunday. The court founded this view upon a comparison of Rule 1.090(a), RCP, 30 F.S.A. and Rule 3.18, Florida Appellate Rules, 1962 Revision, 32 F.S.A., and commented that since the statute was silent in that regard it made sense to place the same construction upon the statute as was laid down in the rules. . . ."
The Florida Supreme Court denied certiorari in the Stockslager
case and expressly upheld the rationale of the district court. More recently, in the case of Herrero v. Black and Decker Manufacturing Company, 275 So.2d 54 (3D.C.A. Fla., 1973),281 So.2d 18 (Fla. 1973), the Florida Supreme Court adopted a decision by the district court which applied the Stockslager rationale to s. 95.11, F.S., and held that when the last day of the two-year period for filing a wrongful death suit fell on a Sunday, the suit was timely filed the following Monday. Thus, the time computation rules of Rule 1.090(a), RCP, should be followed unless, of course, there is a manifestation of legislative intent to the contrary, as the paramount rule of statutory construction is to ascertain the legislative intent. State Dept. of Public Welfare v. Bland,66 So.2d 59 (Fla. 1953); Ervin v. Peninsula Tel. Co., 53 So.2d 647
(Fla. 1951). My examination of Ch. 73-128, supra, reveals that, with respect to some time periods provided for in the act, the legislature specifically excluded "Sundays and holidays" or "Saturdays, Sundays and holidays" from the computation of the time period. See ss. 5 and 25(1) and (3) of Ch. 73-128 [ss. 106.05 and106.25(1),(3), F.S.]. And with respect to some other provisions of the act, it expressed the time period therein established in terms of "business days." See ss. 5 and 20 of Ch. 73-128 [ss.106.05 and 106.20, F.S.]. While the answer to your question is not entirely free from doubt, the legislature's expressed exclusion of specified days from certain time periods provided for in the act and its definition of certain other time periods in terms of "business days" are indicative of a legislative intent to make no exclusions in the computation of time periods established by the act, except as specifically provided therein.
In this regard it should also be noted that by Ch. 73-128, supra, the legislature repealed s. 99.161, F.S., in its entirety. Although the provisions of subsection 99.161(4)(b), which established the five-day period construed in AGO 052-127, supra, were reenacted in substantially the same language in subsection 8(2) of Ch. 73-128 [s. 106.08(2), F.S.], the reenactment includes the following sentence which did not appear in the prior statute:
"Any contribution which is not reported on or prior to the final pre-election campaign report required by s. 106.07(1) shall not be expended in the election to which such report refers."
The final preelection report referred to in the above-quoted language must be filed "on the fifth day immediately preceding the election." (Emphasis supplied.) It would seem that the legislature, by referring to a specific day "immediately preceding" an election, intended that such day be computed without exclusion of any intervening day, be it Saturday, Sunday or a holiday. Reading s. 7(1) of Ch. 73-128 [s. 106.07(1), F.S.], with subsection 8(2) of Ch. 73-128 [s. 106.08(2), F.S.], which requires the return of contributions received "less than five (5) days prior to an election," I am inclined to the view that the legislative intent was that the two time periods would fall on the same day. To construe the statute otherwise would require an application of the rule recognized in AGO 052-127, as expanded by the recent decisions discussed above, which would work to the detriment of the candidates by requiring the return of all contributions received later than Tuesday of the week preceding an election and, in cases wherein a holiday intervened, the return of contributions received later than Monday of the week preceding an election. Accordingly, as a result of changes in the statute and in the treatment of this issue by the courts, I am of the view that the time calculation rule expressed in AGO 052-127 should not be followed in construing Ch. 73-128.
Moreover, it is a universal rule that statutes must be construed so as to avoid absurd results. See Sharon v. State, 156 So.2d 677
(3 D.C.A. Fla., 1963). Accord: Attorney General Opinion 054-44, Biennial Report of the Attorney General, 1953-1954, p. 194 and authorities cited. An application of the time computation rules of Rule 1.090(a), RCP, to the provisions of s. 7(1) of Ch. 73-128 [s.106.07(1), F.S.], would require that the final preelection report be filed on the Tuesday preceding the date of each regular general and primary election — the very next day after the weekly report required to be filed on Monday of each week during the forty-day period preceding the election. It cannot be presumed that the legislature intended such an incongruous result. I am of the view, therefore, unless and until otherwise clarified by the legislature or the courts, that the act should be construed so as to give effect to the apparent intent of the legislature to make no exclusions in the computation of time periods except as specifically provided therein.
This construction is entirely consistent with the rule that, when it is impossible to perform an act on the last day of a period as a result of that last day falling on a Saturday, Sunday, or holiday, the act may be performed on the next day which is not a Saturday, Sunday, or holiday. The Florida Supreme Court held in the Stockslager case, supra:
". . . [A]bsent a clear statutory mandate dictating a different result, we decline to ascribe to the Legislature an intent to require a party to perform an impossible act."
It is clear from the context of the court's language that, absent a statutory provision to the contrary, in all cases in which it is impossible to perform an act on the last day of the period within which it must be performed as a result of that day being a Saturday, Sunday, or holiday, the act may be performed on the next day which is not a Saturday, Sunday, or holiday.