DOWNEY, Judge
(specially concurring).
I agree with the result reached in the majority opinion, but deem it advisable to point out that appellee’s motion for summary judgment was based upon two grounds, (1) that appellant would be unable to prove the alleged oral contract with the decedent because of the dead man’s statute, § 90.05, F.S. 1973, and (2) that appellant’s claim is barred by § 733.-18(2), F.S. 1973. The trial court granted summary judgment on ground number one.
As the majority points out, summary judgment based upon the dead man’s statute does not demonstrate the absence of a genuine issue of fact. For aught the record shows, appellant may be able to prove its claim by witnesses who are not within the purview of the dead man’s statute. And nothing filed by appellee in support of its motion for summary judgment required appellant to show just how it proposed to prove the contract in question. However, though the reason for granting the summary judgment was wrong, the judgment itself was properly entered because the record shows that appellant did not bring its suit within 30 days after appellee filed an objection to appellant’s claim. Consequently the claim sued upon was barred by § 733.18(2), F.S. 1973.
Although appellant’s brief is silent regarding the applicability of § 733.18(2), F. S. 1973, during oral argument counsel suggested that allowing the filing of an amended complaint in this cause was tantamount to granting an extension of time to file suit on the claim. A somewhat similar contention was rejected by the Court in Poncier v. State, Dept. of Health & Rehab. Serv., etc., Fla.App.1973, 284 So.2d 463, for the reason that the power to extend the time for filing suit after objection to a claim rests in the circuit judge in the probate cause and not in the trial judge presiding over the claim in litigation. I agree that a fair reading of the statute requires that conclusion.
Accordingly, I concur in the affirmance of the judgment appealed from.