338 So.2d 558 (1976)
Thomas E. MOOREY, As Personal Representative of the Estate of Donald E. Buck, Deceased, Appellant,
v.
EYTCHISON & HOPPES, INC., et al., Appellees.
No. 76-404.
District Court of Appeal of Florida, Second District.
October 20, 1976.
William T. Haverfield of Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellant.
R. Thomas Corbin of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, P.A., Fort Myers, for appellee Mobil Oil Co.
*559 GRIMES, Judge.
The sole issue in this case is whether the appellant's wrongful death action against the appellee, Mobil Oil Company, is barred by the statute of limitations.
The alleged wrongful death of Donald Buck occurred on November 1, 1973. The complaint was filed against several defendants on Friday, October 31, 1975. An amended complaint naming Mobil as an additional defendant was filed on Monday, November 3, 1975. The court dismissed the amended complaint with prejudice as against Mobil as being barred by the statute of limitations.
The cause of action for wrongful death accrues upon the date of the decedent's death. Walker v. Beech Aircraft Corporation, 320 So.2d 418 (Fla.3d DCA 1975). The statute of limitations on a wrongful death action is two years. Section 95.11(4)(d), Florida Statutes. Where the last day of a limitation period falls on a Saturday, Sunday or legal holiday the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. Herrero v. Black and Decker Manufacturing Company, 275 So.2d 54 (Fla.3d DCA 1973), opinion approved and certiorari discharged, 281 So.2d 18 (Fla. 1973). Therefore, if the last day of the limitations period was Saturday, November 1, 1975, the amended complaint which first named Mobil as a defendant was timely filed on Monday, November 3, 1975.
In McMillen v. Hamilton, 48 So.2d 162 (Fla. 1950), our Supreme Court held that the filing of a suit and the issuance of summons ad respondendum[1] on October 27, 1949, was within the four-year statute of limitations for a tort which accrued on October 27, 1945. The court stated that where an act is to be performed within a specified period of time, the first day of the period is excluded from the computation and the last day of the period is included.
Mobil argues that the holding of McMillen v. Hamilton, supra, was superseded in 1974 by the passage of Section 95.031, Florida Statutes, which stated in part:[2]
"95.031 Computation of time.  Except as provided in subsection (2), s. 95.051, and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.
(1) A cause of action accrues when the last element constituting the cause of action occurs.
* * *"
Mobil reasons that the legislature has now specified that the day upon which the cause of action accrues must be considered as the first day in computing the period of limitations. Under this interpretation, the last day for filing the complaint against Mobil would have been Friday, October 31, 1975. We cannot agree with this contention.
The obvious purpose of Section 95.031, Florida Statutes (1974) was to make more precise the dates upon which various causes of action accrued. Since specific statutory circumstances under which limitations periods are tolled were being established in Section 95.051 as part of the same legislation, it was logical to include in Section 95.031 a statement that except as set forth in Section 95.051, the time within which an action shall be begun runs from the time the cause of action accrues. Section 95.031 did not provide for a new method of computation. Specifying that the statute of limitations begins to run from the time the cause of action accrues is nothing new because this was true when McMillen v. Hamilton, supra, was decided. In that case the Supreme Court simply held that in computing the length of the limitations period, the date upon which the act occurred which begins the statute running is excluded.
In order to give a claimant precisely the number of years prescribed by the legislature *560 within which to sue, one could argue that the period should be measured from the exact time of day that the act occurred which brought about the commencement of the cause of action.[3] No doubt the practical problems inherent in this type of computation prompted the Supreme Court to opt for the well-recognized rule for computing time which excludes the first day of the period and includes the last. Cf. Fla.R.Civ.P. 1.090(a).
Since the last day of the limitations period fell on November 1, 1975, which was a Saturday, the appellant had until Monday, November 3, 1975, which was not a legal holiday, within which to amend the complaint to join Mobil as a defendant.
REVERSED.
BOARDMAN, Acting C.J., and SCHEB, J., concur.
NOTES
[1] Under § 95.01, Fla. Stat. (1949) then in effect, an action was not deemed commenced until the process was delivered to the proper officer for service.
[2] This statute was amended in 1975 but those changes are not pertinent to the disposition of this case.
[3] Under Mobil's interpretation of § 95.031, unless the act which precipitates the cause of action occurs immediately after midnight, the various limitation periods prescribed by law would always be reduced by a fraction of a day.