357 So.2d 233 (1978)
Dr. E.W. LUDWIG, Dr. Richard W. McDowell and Dr. Vernon P. Zeigler, Appellants,
v.
Samuel J. GLOVER, Jr., a Minor by His Father and Next Friend, Samuel J. Glover, Sr., and Samuel J. Glover, Sr., Individually and As Trustee for Barbara Glover, the Natural Mother of Samuel J. Glover, Jr., Appellees.
No. FF-302.
District Court of Appeal of Florida, First District.
April 5, 1978.
*235 John R. Saalfield and Harold H. Catlin of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellants.
Gerald R. Hart of Spinner, Hart & Brown, Jacksonville, for appellees.
BOYER, Judge.
We are again, by this interlocutory appeal which we have elected to entertain as a petition for common law certiorari, required to interpret Florida's new and vexing medical liability mediation law embodied in F.S. 768.133. The facts are not in dispute.
Samuel J. Glover, Jr., is an infant born October 4, 1973. It is alleged that he sustained certain injuries at birth as a result of the negligence of appellants, who are physicians. The parties agree that the statutorily imposed limitation period is two years which commenced to run on October 4, 1973 and would have expired, if not tolled in some manner, on October 4, 1975. The plaintiffs, appellees here, filed their claim under the Medical Malpractice Reform Act (MMRA) on September 17, 1975. No final hearing was held and on September 13, 1976 the judicial member of the mediation panel issued a final order purportedly terminating jurisdiction of the panel. On September 16, 1976 the complainants filed their complaint in circuit court. The defendant physicians asserted the statute of limitations as a defense. The plaintiffs filed a motion to strike that defense on the basis that the statutory sixty day extension contained in F.S. 768.133(4) commenced running from the date of the order terminating jurisdiction rather than the date of the expiration of the ten month period provided in F.S. 768.133(3). The trial court initially denied the motion but upon the plaintiffs alleging in a petition for rehearing that the ten month period expired on a Saturday the petition for rehearing was granted and the defense stricken. It is the striking of that defense which we are now asked to review.
Clearly, but for the filing of the claim on September 17, 1975 the statute of limitation would have expired on October 4, 1975. Equally clearly, the filing of the claim tolled the expiration of the statutory period. (F.S. 768.133(4))
F.S. 768.133(3) provides, in so far as here material, as follows:
"* * * If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, * * *" (Emphasis added)
Rule 20.190 Fla.R.Med.P. provides, in material part:
"The clerk shall send to all parties a notice of termination of the proceedings when any of the following events has occurred:
* * * * * *
"(d) The final hearing has not been concluded within 10 months from the date the claim is filed.
"Termination for any of the foregoing reasons terminates the jurisdiction of the panel. Such termination is final and cannot be extended, modified or reinstated by the panel, the judicial referee or by agreement of the parties. A termination for one of the foregoing reasons is automatic, and the clerk's act or failure to act is ministerial only." (Emphasis added)
*236 Further, this court held in Aldana v. Holub et al., 354 So.2d 1272 (Fla. 1st DCA 1978), that jurisdiction of the panel terminates at the expiration of the statutorily imposed period of ten months of the date of the filing of the claim. It is significant that the ten month period provided in F.S. 768.133(3) and referred to in Rule 20.190 Fla.R.Med.P. is a jurisdictional period as distinguished from a limitation period. There is a difference. (See Mullin v. State, etc., 354 So.2d 1216 (Fla. 1st DCA 1978).)
The order of the judicial referee in the case sub judice was, therefore, ineffective to extend the jurisdictional period.
F.S. 768.133(4), after providing that any applicable statute of limitation is tolled by the filing of a claim pursuant to subsection (1), states:
"* * * In any event, a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court." (Emphasis added)
Since the applicable statute of limitation sub judice, but for being tolled, would have expired prior to termination of jurisdiction in the mediation panel and, but for the sixty day period of extension allowed in F.S. 768.133(4), would have expired in less than sixty days after such termination of jurisdiction, the query is: When did the sixty day period above mentioned end? In order to decide that issue we must first determine when the period commenced. That determination, in turn, depends on the date jurisdiction was terminated in the mediation panel.
As we have above decided, jurisdiction of the mediation panel, in this particular case, terminated at the expiration of the ten month period provided in F.S. 768.133(3): But when did that occur?
It is important to note that the period provided in F.S. 768.133(3) is described in months whereas the period described in subsection (4) is in days. The former relates to jurisdiction: The latter to limitation.
As above recited, the claim sub judice was filed on September 17, 1975. In Simmons v. Hanne, 50 Fla. 267, 39 So. 77 (Fla. 1905), the Supreme Court of Florida had occasion to interpret a then existing statute requiring that a writ of error be sued out within "six months" from the date of judgment. In deciding what was meant by the term "months" the Supreme Court of Florida said:
"The term `months,' when used in a statute of this state, means calendar months, and not lunar months, unless there is something in the statute which indicates that a contrary meaning was intended. [citation omitted] When time is to be computed from a particular day, or when an act is to be performed within a specified period from or after a day named, the rule is to exclude the first day designated, and to include the last day of the specified period. [citation omitted] An appeal taken August 22d from a judgment rendered February 21st is not taken within six months, and must be dismissed. [citation omitted]
"Excluding the 26th day of August, the day when the judgment was filed and recorded by the clerk, the six months within which a writ of error must be sued out from that day would expire on the 26th day of February, 1905 * * *" (39 So. at page 79)
In State v. White, 73 Fla. 426, 74 So. 486 (Fla. 1917) in construing a poll tax statute, our Supreme Court said:
"* * * The word `month,' when used in a statute or contract without qualification, meant, at common law, a lunar month of 28 days. See 5 Words and Phrases, 4574. In the United States, however, the word is construed to mean calendar time. * * *
* * * * * *
"The word `month' as used in the statutes above quoted means a calendar month, or that period of time elapsing between a given date and the corresponding date of the next preceding month by name. * * *" (Emphasis added) (74 So. at page 487)
*237 In a more recent case, Greer v. Estate of Smith, 342 So.2d 1007 (Fla. 4th DCA 1977), our sister court of the Fourth District said:
"Although appellee is troubled somewhat by the term `calendar month', the general definitions which describe it as a period of time from any day of any month to the corresponding day of the next month appear adequate in this instance. * * *" (342 So.2d at page 1010)
We decide therefore that ten months from September 17, 1975 expired at midnight on July 17, 1976.
Appellee urges that since July 17, 1976 was a Saturday the ten month jurisdictional period was extended to Monday, July 19, 1976, citing Fla.R.Civ.P. 1.090(a) and several cases which hold that if the last day of a period of limitation for commencing an action or for the doing of any act falls on a Saturday, Sunday or a legal holiday the period is extended and the action may be commenced or the act taken on the following secular or business day. (See, for example, the cases above cited and in addition thereto Daly, Aluminum Products, Inc. v. Stockslager, 244 So.2d 528 (Fla. 2d DCA 1971); Stockslager v. Daly Aluminum Products, Inc., 246 So.2d 97 (Fla. 1971); Herrero v. Black and Decker Manufacturing Company, 275 So.2d 54 (Fla. 3rd DCA 1973); Black and Decker Manufacturing Company v. Herrero, 281 So.2d 18 (Fla. 1973); and Moorey v. Eytchison and Hoppes, Inc., 338 So.2d 558 (Fla. 2nd DCA 1976)).
The problem, however, with applying that rule to the ten month period now under consideration is two-fold: First the ten month period is jurisdictional rather than a limitation. Even assuming, however, without deciding, that a jurisdictional period is extended if the last day thereof falls on a Saturday, Sunday or legal holiday, no difference would be made under the facts sub judice because we are not here concerned with any act to be performed or attempted to be performed within the ten month period. Sub judice the only significance of the ending of the ten month jurisdictional period prescribed by subsection (3) of F.S. 768.133 is that it establishes the time of the commencement of the running of the sixty day period provided by subsection (4) of the same statute.
We are not unmindful that there is an inconsistency in the several sections of Fla.R.Civ.P. 1.090 in that section (b) provides that "When an act is required or allowed to be done within a specified period of time by order of court, * * *"; section (c) provides that "The period of time provided for the doing of any act or the taking of any proceeding shall not be affected * * *" and section (e) provides "When a party has the right or is required to do some act or take some proceeding within a prescribed period * * *" whereas there is no corresponding provision relating to the doing of any act or taking any action in section (a) of that rule. We nevertheless construe the words "period of time prescribed or allowed by these rules, by order of court or by any applicable statute," as contained in section (a) of the rule to relate to the period within which some act or action must be taken. Accordingly, we hold that the expiration of the ten month jurisdictional period, in so far as it is significant to the case sub judice, is only to trigger the commencement of the running of the sixty day period provided in subsection (4) and that it is not extended if the last day of the ten month period is a Saturday, Sunday or legal holiday. Whether the ten month period would be extended for the commencement or conclusion of a hearing before the mediation panel should the last day thereof fall on a Saturday, Sunday or legal holiday is not an issue in this case. We therefore defer any decision on that issue until properly presented in an appropriate case.
We decide therefore that, sub judice, the ten month period ended at midnight on Saturday, July 17, 1976 and that jurisdiction of the mediation panel terminated at that time.
As above noted, subsection (4) provides that "a party shall have 60 days from the date * * * on which the jurisdiction of the panel is * * * terminated in *238 which to file a complaint in Circuit Court." The effect of that provision is to extend any applicable statute of limitation. It comes into operation if the applicable statute of limitation would expire, but for being tolled by the filing of the claim, during the period that the mediation panel had jurisdiction or within 60 days thereafter: In which event the claimant may file his complaint in Circuit Court at any time within sixty days following the date upon which jurisdiction in the mediation panel terminated.
The Supreme Court of Florida stated in McMillen v. Hamilton, 48 So.2d 162 (Fla. 1950):
"The general rule for computation of time accepted and recognized in this jurisdiction is that where an act is to be performed within a specified period of time, the first day is excluded in the computation and the last day of the period is included. [citations omitted]" (48 So.2d at page 163.)
Sub judice, as we have held, jurisdiction in the mediation panel terminated at midnight on July 17, 1976. According to F.S. 768.133(4) the claimants had sixty days from that date in which to file their complaint in Circuit Court. Applying the last above quoted rule, the day from which the count is commenced (July 17th) is excluded. Commencing with July 18th, and including that date, the sixtieth day, which is also included, was September 15, 1976. Appellee's complaint was filed on September 16, 1976. It was not timely filed. The learned trial judge therefore erred in holding that the plaintiffs' claim was not barred by the statute of limitation.
REVERSED.
McCORD, C.J., and McLANE, RALPH M., Associate Judge, concur.