FERGUSON, Judge.
On September 5,1978, appellant, plaintiff in the trial court, suffered personal injuries as the result of a collision while a passenger in an automobile owned and operated by the defendant/appellee. An action to recover damages for the injuries sustained was commenced with the filing of a complaint on Tuesday, September 7, 1982, which alleged negligence on the part of appellee. On appellee’s motion, the trial court dismissed the complaint holding “that said suit was filed after the time had run for filing of a negligence action under Florida Statutes governing limitations of actions in the State of Florida.”[1]
Appellant challenges this ruling contending that since the last day of the four-year period fell on a Saturday, and the first Monday thereafter was a legal holiday, the filing of the complaint on the following Tuesday was timely. Appellant cites Florida Rule of Civil Procedure 1.090(a) and Florida Rule of Appellate Procedure 9.420(e)[2] in support of this contention. Ap-pellee’s reply is that the statute of limitations is jurisdictional, thus it is not extended automatically if the last day of the period happens to fall on a Saturday, Sunday or legal holiday, relying on Ludwig v. Glover, 357 So.2d 233 (Fla. 1st DCA), cert. denied, 362 So.2d 1053 (Fla.1978). We reject the argument of appellee.
First, we hold that the statute of limitations is not jurisdictional, but is instead a period of limitation. As the first district noted in Mullin v. State, 354 So.2d 1216 (Fla. 1st DCA), cert. denied, 359 So.2d 1217 (Fla.1978), Florida Rule of Civil Procedure 1.110(d) specifically lists the statute of limitations as an affirmative defense which is waived if not timely raised. See Hood v. Hood, 392 So.2d 924 (Fla. 2d DCA 1980). Lack of jurisdiction over the subject matter, however, is not waivable and may be raised at any time. Mendez v. Ortega, 134 So.2d 247 (Fla. 3d DCA 1961); Fla.R.Civ.P. 1.140(h)(2). Thus, Ludwig is inapplicable to the case at bar, since that decision refused to extend a jurisdictional period and did not decide whether a period of limitation could be so extended.[3]
*987 Contrary to appellee’s assertion, then, Ludwig is consistent with Herrero v. Black & Decker Manufacturing Co., 275 So.2d 54 (Fla. 3d DCA), approved and cert. discharged, 281 So.2d 18 (Fla.1973), which is controlling. Herrero holds:
[I]f the last day of a period of limitation for commencing an action falls on a Sunday or on a legal holiday, the period is extended and the action may be commenced on the following secular or business day.[4] 275 So.2d at 55.
Accord Stockslager v. Daly Aluminum Products, Inc., 246 So.2d 97 (Fla.1971); Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla. 2d DCA 1976) (where last day of limitations period for wrongful death action fell on a Saturday, amended complaint was timely filed on the following Monday). See also Middleton v. Silverman, 430 So.2d 981 (Fla. 3d DCA 1983) (on last day for filing a civil action, court closed at 2:00 p.m. due to civil disturbance, therefore, complaint was timely filed the next day).
Reversed and remanded.

. See § 95.11, Fla.Stat. (1981):
Limitations other than for the recovery of real property. — Actions other than for the recovery of real property shall be commenced as follows:
(3) WITHIN FOUR YEARS.—
(a) An action founded on negligence.

. Florida Rule of Civil Procedure 1.090(a), on Computation of Time, provides:
In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, ... [t]he last day of the period so computed shall be included unless it is a Saturday, Sunday or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday. [e.s.]
Florida Rule of Appellate Procedure 9.420(e) is almost identical in language to Florida Rule of Civil Procedure 1.090(a).

.Factually, the Ludwig court was faced with a situation involving both a jurisdictional period and a period of limitation. The statute in question, Section 768.133(3), called for jurisdiction of a medical mediation panel to terminate if no hearing on the merits of a malpractice claim was commenced within ten months of the filing of the claim. After expiration of the ten-month period, a claimant had sixty days in which to commence a circuit court action. The ten-month period was purely jurisdictional in that the failure to receive a hearing, a matter over which claimant might have little or no control, did not bar recovery on a claim but simply shifted the forum from the mediation panel to the circuit court. The sixty-day period was a *987 period of limitation requiring the doing or the attempted doing of an act within the time frame in order to avoid a barring of the claim.
The issue in Ludwig was whether the ten-month jurisdictional period would be extended to a Monday when the last day of the period fell on a Saturday. In holding that it would not, the court first distinguished prior cases which had extended periods of limitation when the last day of the period fell on a Saturday, Sunday or legal holiday. Further, it stated that even assuming, arguendo, that a jurisdictional period is similarly extended, this would make no difference in that case. The court noted that Florida Rule of Civil Procedure 1.090, dealing with computation of time, relates only to a period in which some act must be performed. Under the facts presented in Ludwig, the ten-month jurisdictional period (within which no act need be performed) was significant only because its expiration triggered the running of the sixty-day period of limitation. This reasoning is inapplicable to a period of limitation, which invariably requires the performance of some act prior to the expiration of the period.

. While the Herrero court did not expressly include Saturday in its holding that a period of limitation may be extended if the last day falls on a Sunday or legal holiday, it is evident from the court’s discussion that this omission was unintentional. In fact, when certifying the issue to the Florida Supreme Court, the Herrero court did include Saturday in its query as to whether its method of computing time was proper. 275 So.2d at 55. Further, in approving the Herrero decision, the Florida Supreme Court did not distinguish between Saturdays, Sundays, or legal holidays. 281 So.2d at 18.