COPE, J.
(dissenting).
The deadline to cure the default under the note fell on a Sunday. I would hold that the deadline carried over to the next business day, Monday. That being so, Du-gent acted one day prematurely in seizing the collateral (the assets and business of Firestone Publishing, Inc.) on Monday morning.
This means that Firestone was still in the lawful possession of its business assets on Monday afternoon, when it executed an assignment for the benefit of creditors under chapter 727, Florida Statutes, and appointed appellant William A. Brandt, Jr. as assignee to marshall the assets for the benefit of the creditors.
Dugent argues that this analysis should be rejected because Firestone did not tender the overdue loan installment on Monday, and therefore it was harmless error for Dugent to seize the Firestone business prematurely. That is not a valid argument. Firestone was the owner of the business, not Dugent. Dugent merely had a security interest. Firestone was entitled to control its own property — the business — until the time for cure expired. The assets still belonged to Firestone on Monday afternoon when it executed the assignment for benefit of creditors, and Dugent was not legally entitled to interfere. We should not allow one creditor to jump the gun at the expense of all of the other creditors.
The tendering of a payment to cure a default is an act which logically would take place on a business day, and on this point Florida Rule of Civil Procedure 1.090(a) provides at least a useful analogy. In accordance with what I believe to be the prevailing view, I would hold that since the deadline fell on Sunday, the time was extended through the next business day, Monday. See 74 Am.Jur.2d Time § 17 (1974); 55 Fla. Jur.2d Time § 13 (1984); cf. Thorney v. Clough, 438 So.2d 985, 987 (Fla. 3d DCA 1983) (statute of limitations is extended where the last day of the period falls on a Saturday, Sunday, or legal holiday).