303 So.2d 52 (1974)
C. Dale DYKEMA, Appellant,
v.
TRANS STATE INDUSTRIES, INC., Appellee.
No. 74-795.
District Court of Appeal of Florida, Second District.
November 13, 1974.
Anthony P. Granese of Gormin, Geoghegan, Easley, Granese & Bauman, Clearwater, for appellant.
No appearance for appellee.
BOARDMAN, Judge.
C. Dale Dykema, appellant/plaintiff, entered into a written contract with Trans State Industries, Inc., appellee/defendant, in which he undertook to perform architectural professional services in exchange for a fee. The appellant was not paid in full and, on December 7, 1972, as provided by Section 713.03(3), Florida Statutes, filed his claim of lien against the real property for which he had drafted the drawings, plans and specifications. The appellee, as authorized by the provisions of Section 713.22(2), Florida Statutes, duly served upon the appellant notice of contest of lien which limited the time within which appellant had to file suit to enforce the lien to 60 days from the date of the service of *53 said notice. The original action was not filed within the prescribed period of time and the claim of lien was extinguished automatically by operation of law. Section 713.22(2), supra.
In the interim other parties not involved in this cause had obtained and perfected liens against the real property involved here. As a result of these other liens, which would have priority over the judgment lien that appellant might obtain as they were recorded against the said property, on March 6, 1973, subsequent to the recording of these other liens, the appellant filed his original complaint which, inter alia, sought to impose an equitable lien against the property. The count praying for an equitable lien was stricken upon appellee's motion from the original and second amended complaints. The case then proceeded to trial before the court sitting without a jury on the theories of breach of contract and damages on accounts stated.
Appellant recovered a money judgment on his third amended complaint which he contends is worthless because the appellee is insolvent.
On this appeal appellant urges that the trial court erred in striking the prayer for an equitable lien. We disagree.
In the case sub judice, there was an adequate remedy available to appellant; however, it clearly appears that he did not pursue that remedy within the time prescribed in Section 713.22(2), supra. Neither does the record disclose the existence of special or peculiar equities as there were in Crane Co. v. Fine, Fla. 1969, 221 So.2d 145. In the light of the statutory and decisional law applicable the trial court did not err in striking appellant's prayer for equitable lien.
For the foregoing reasons, the final judgment appealed is
Affirmed.
McNULTY, C.J., and GRIMES, J., concur.