NATHAN, Judge.
Appellants, defendants in the trial court, seek review by interlocutory appeal of an amended order denying their motion to dismiss plaintiff’s complaint or strike a portion thereof in a suit brought by plaintiff, Key West State Bank, to foreclose a mortgage on real property.
The sole point on appeal is whether the mortgage sought to be foreclosed was created for a term of more than five years, as *249 contemplated by the Florida Balloon Mortgage Statute.[1]
The complaint states that plaintiffs executed and delivered to plaintiff the mortgage and note on or about August 20,1973. The note, dated August 20, 1973, in pertinent part states:
“FOR VALUE RECEIVED, we promise to pay ... to the order of KEY WEST STATE BANK ... the principal sum of EIGHTY THOUSAND DOLLARS ($80,000.00) together with interest thereon at the rate of 8V2% per annum from date until fully paid, principal and interest payable in sixty (60) equal, consecutive monthly installments of NINE HUNDRED NINETY-ONE AND 92/100 DOLLARS ($991.92) each, and one (1) final installment of FORTY-EIGHT THOUSAND SIX HUNDRED EIGHTY-FIVE and 54/100 DOLLARS ($48,685.54) (each installment to be applied first to accrued interest with balance to reduction of principal), the first of said monthly installments of NINE HUNDRED NINETY-ONE AND 92/100 DOLLARS ($991.92) to become due and payable on the 25th day of September, 1973, and a similar installment to become due and payable on the 25th day of each and every calendar month thereafter until such principal sum and interest are paid in full by the payment of the final installment of FORTY EIGHT THOUSAND SIX HUNDRED EIGHTY-FIVE AND 54/100 DOLLARS ($48,685.54) on the 25th day of September, 1978.”
The complaint alleges that defendants defaulted under the terms of the mortgage by failing to make the payment due on October 25, 1974, and subsequent payments thereon. In response, defendants moved to strike plaintiff’s prayer for interest and attorney’s fees allegedly due, and further moved to have the complaint dismissed as premature on the ground that the mortgage was a “balloon- mortgage” which did not contain “the required stamped legend,” and that the maturity date should therefore be extended.
Florida Statutes § 697.05(2)(a) requires that “[ejvery mortgage in which the final payment or the balance due and payable upon maturity is greater than twice the amount of the regular monthly or periodic payment of the said mortgage” must have a printed or stamped legend in conspicuous type which states the final payment or amount due upon maturity. Section (2)(b) states that the legend is to appear on both the first page of the mortgage and immediately above the place for the mortgagor’s signature.
Florida Statutes § 697.05(3) & (4) provide penalties for failure of the mortgagee to comply with the mandatory provisions of the statute; the maturity date of the mortgage can be automatically extended and the entire interest charge forfeited. These provisions do not apply, however, where the mortgage falls within the exemption of Section 697.05(5)(c), which states that the section requirements concerning balloon mortgages do not apply to mortgages created “for a term of more than five years.”
We have not found any appellate decisions which address the question here involved. Defendants contend that the “term” of the mortgage must depend upon the pay-back arrangement, and that the “term” of the mortgage includes only the period over which regular payments are made, excluding the final balloon payment. If this rationale were applied to the instant case, it would result in a mortgage with a term commencing on September 26, 1973, and ending on August 25, 1978. Thus, the five year exemption would not apply. We cannot agree. Clearly, the most reasonable interpretation of the phrase “term” of the mortgage as used in Florida Statutes § 697.05(5)(c) is one which would exempt mortgages maturing more than five years from their date of execution and delivery. Using this construction of the statutory exemption, it may be seen that the final payment on the subject mortgage and note was due more than five years after execution and delivery thereof; the mortgage and *250 note were dated and allegedly delivered on or about August 20, 1973, and by the terms of note, final payment will be due on September 25, 1978. Even if the balloon payment is not interpreted as part of the regular installment payments, the term of the mortgage is still more than five years, since the final regular payment is due on August 25th, which is more than five years from the date of execution and delivery. Hence, the trial court correctly denied defendant’s motion to dismiss and to strike.
Affirmed.

. § 697.05, Fla.Stat. (1975).