342 So.2d 1007 (1977)
Jerry L. GREER, Appellant,
v.
ESTATE of Vivian Brown SMITH, Deceased, Appellee.
No. 75-1272.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
James S. Theriac, III, of Wolfe, Kirschenbaum, Caruso & Mosley, P.A., Merritt Island, for appellant.
George Ritchie, Cocoa, for appellee.
SMITH, LARRY G., Associate Judge.
This is an appeal from a final order granting appellee's motion to dismiss appellant's complaint. The sole issue is whether *1008 the complaint was filed within the time allowed by Section 733.18(2), Florida Statutes (probate law) as it existed in January, 1975.
Appellant contends that he had three additional days to file suit under Rule 1.090(e) FRCP. Appellee contends that the rule does not apply. The trial court agreed with appellee's position, but for the reasons hereinafter stated we find this was reversible error.
Appellant first filed a claim against appellee's estate in the probate division. The personal representative filed an objection to the claim and complied with the statute by mailing a copy of the objection to appellant by registered mail on December 20, 1974. Copy of the objection was received by appellant on December 21, 1974, as evidenced by the return receipt bearing appellant's signature. Appellant, as plaintiff, then filed his complaint on January 23, 1975.
The statute, Section 733.18(2), at the time in question, allowed one calendar month from the date of service of the objection within which to file the appropriate suit. Appellant contends that since the objection was served by mail the provisions of Rule 1.090(e) FRCP would become operative, thus adding three days to the prescribed period of time allowed for filing suit. Obviously, unless the additional three day period does apply, appellant's complaint was not timely filed and was properly dismissed.
The statute, Section 733.18(2), at the time in question provided in part as follows:
... If objection is filed, the person filing it shall, forthwith, but not later than thirty days after same has been filed, serve a copy of such objection by registered mail or personal service on the creditor or claimant to whose claim he objects .... A copy of the objection with appropriate certificate of service shall also be sent by ordinary mail to the attorney for the claimant, if his name and address appear on the claim... The creditor or claimant shall thereupon be limited to one calendar month from the date of such service within which to bring appropriate suit, action, or proceedings upon such claim or demand. The circuit judge for good cause shown may extend the time for filing objection to any claim or demand or the time for serving such objection, and may likewise for good cause shown extend the time for filing appropriate suit, action or proceedings upon any such claim after objection is filed; but in any of said instances, said extension of time shall be granted only after due notice of such application. No suit, action, or proceeding shall be brought against any personal representative after the time limited above... (Emphasis supplied.)
Rule 5.050, Florida Rules of Probate and Guardianship Procedure, as it existed in January 1975, specifically adopted Rule 1.090 FRCP, as seen from subparagraph (h) which read as follows:
Rule 5.050. Process; Notice; Time.
* * * * * *
(h). The provisions of Rule 1.090 RCP shall apply in probate and guardianship proceedings.
Rule 1.090(e) FRCP is as follows:
(e) Additional Time After Service By Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.
No useful purpose would be served by any attempt to further explore and expound upon what is "procedural", and therefore subject to rules of practice adopted by the Supreme Court, and what is "substantive", and therefore exclusively controlled by statute. This subject has been well covered by the Supreme Court of Florida. See In Re: Florida Rules of Criminal Procedure, Fla. 1973, 272 So.2d 65, amended 272 So.2d 513; In Re: Clarification of Florida Rules of Civil Practice and Procedure, Fla. 1973, 281 So.2d 204.
The case law of this state has already characterized Section 733.18(2) of the statutes as being one wherein "the stated time *1009 limits operate as rules of judicial procedure". In Re: Jeffries' Estate, 136 Fla. 410, 181 So. 833, 838 (1938); In Re: Goldman's Estate, Fla. 1955, 79 So.2d 846; In Re: Kemp's Estate, Fla.App. 1st 1965, 177 So.2d 757.
Judge Rawls, dissenting on other grounds in In Re: Kemp's Estate, supra, appropriately pointed out that the rule requiring filing of suit within a specified time after service of an objection is "neither a non-claim statute nor a statute of limitations", but is "in effect a statutory rule of judicial proceeding". (Opinion page 764).
Upon a reading of the statute and the rules together, considered in the light of the foregoing authorities, we have no difficulty in holding that Rule 1.090(e) must be deemed cumulative to the statutory procedure prescribing time limits for filing of suit after service of objection by mail. It should be noticed that we are not here dealing with service of process, as in American Liberty Insurance Company v. Maddox, Fla.App.2d 1970, 238 So.2d 154. We have no quarrel with the Court's decision in that case which adhered to the rule that statutes governing service of process must be strictly complied with, rejecting a rule of procedure in conflict with the statute.
In this case the objection is simply a matter of notice between parties to the controversy, which is distinguishable from service of process. The rule and the statute do not conflict. Furthermore, we do not think it unreasonable for one accustomed to the operation of the rules to assume the applicability of the three day rule under the circumstances here existing. The statute itself contains inconsistent provisions for service. On the one hand, it requires service on the claimant by registered mail, or personal service, while on the other hand, it requires service upon the claimant's attorney by ordinary mail. The certificate of mailing appended to the executor's objection in this case shows service by mail on claimant's attorney. We think that injustice would be done by failing to recognize the possibility, if not probability, that the peculiar dual but dissimilar service provisions of the statute itself would tend to lull even a reasonably careful practitioner into the belief that the rule allowing three additional days for action would apply. We agree with the view expressed by the Supreme Court in the case of In Re: Jeffries' Estate, supra, in which the Court pointed out that the purpose of the probate law was to "expedite the settlement of the estate of decedents", but there is no purpose to "unreasonably curtail the remedial rights of creditors of such estates to present and to enforce their claims by due and appropriate judicial procedure".
For whatever it is worth, the Legislature has seen fit to abandon these inconsistent service provisions, so that now, under amendments effective January 1, 1976 (Section 733.705, Florida Statutes), the objecting party has the alternative of service by registered or certified mail upon the claimant, or service by delivery on the claimant or his attorney. Amendments have also been made in the rules (See Rules of Probate and Guardianship Procedure, effective January 1, 1976). For this reason we express no opinion as to what application, if any, our decision would have under the new statutes and rules.
We construe the statute to require actual receipt of the objection. See In Re: Maxcy's Estate, Fla.App.2d 1965, 178 So.2d 43. The date of receipt of the objection by the claimant (appellant) in this instance, December 21, 1974, would therefore be the "date of such service" under the statute. In computing the "one calendar month" allowed for filing suit, the day of service of the objection would not be included. Rule 1.090(a) FRCP. As to applicability of this rule, although in another context, see Daly Aluminum Products, Inc. v. Stockslager, Fla.App.2d 1970, 244 So.2d 528, and opinion of the Supreme Court of Florida denying certiorari, Stockslager v. Daly Aluminum Products, Inc., Fla. 1971, 246 So.2d 97. In that case it was held that the rules of civil procedure would govern the timeliness of service of a notice to owner under the mechanic's lien statute, so that where the last day of the statutory forty-five day period *1010 fell on Sunday, the notice was effective under the rule (Rule 1.090(a)) when it was delivered on the following Monday, the forty-sixth day.
Although appellee is troubled somewhat by the term "calendar month", the general definitions which describe it as a period of time from any day of any month to the corresponding day of the next month appear adequate in this instance. Appellee invokes the aid of certain interpretations from other jurisdictions which would limit the time span of a calendar month from the beginning of the day on which it starts to the end of the day before the same day of the next month. But the distinction, if any, is not critical here. This is so for the reason that service of the objection in this instance was effected on December 21, 1974, as above stated. Under the rule, the period of time within which suit could be filed would not commence until December 22, 1974, because of the application of Rule 1.090(a) FRCP, as above shown. Using appellee's method of computation, the "calendar month" would commence at midnight on December 21, 1974, and end at midnight on January 21, 1975. The suit was filed on January 23, 1975, one day sooner than required when three extra days are added under Rule 1.090(e) FRCP.
We reject appellee's contention that the rule applies only where service is by "mail", rather than where "registered mail" is required. Our ruling is consistent with that of the District Court of Appeal, Second District, in Daly Aluminum Products, Inc. v. Stockslager, supra, which dealt with a portion of the mechanic's lien law, Section 713.18(1)(c), Florida Statutes, which required mailing of notice by "registered mail or certified mail". As previously noted, the Court in that case found the same rule of civil procedure applicable.
Accordingly, the order dismissing appellant's complaint is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
MAGER, C.J., and CROSS, J., concur.