BERANEK, Judge.
We are called upon here to determine whether a mechanic’s lien was timely foreclosed. Appellant recorded a claim of lien on August 16,1976, and filed a complaint to foreclose the lien on August 16, 1977. The trial court dismissed the action with prejudice for failure to enforce the lien within one year. We reverse.
The applicable mechanic’s lien statute provides:
“No lien provided by part I shall continue for a longer period than 1 year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced.” Fla.Stat. Sec. 713.22(1).
The Rules of Court uniformly prescribe that in computing time, the day of the event from which the period of time begins to run shall not be included. Rule 1.090(a) Fla.R. Civ.P., Rule 3.040 Fla.R.Crim.P., Rule 9.420(e) Fla.R.App.P. In construing Fla. Stat. Sec. 95.031 which provides for computation of time under statutes of limitation, the court in Morrey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla.2d DCA 1976) simi *1044 larly held. Appellant’s complaint was, therefore, filed within one year and should not have been dismissed.
Reversed and remanded.
LETTS and MOORE, JJ., concur.