GLICKSTEIN, Judge.
This is an appeal from a final judgment on the pleadings entered by the trial court in an action for declaratory judgment while there was pending in this court appellant’s petition for certiorari directed to a discovery order. By the terms of the final judgment, the mortgage involved in the parties’ dispute was determined not to be a balloon mortgage as defined by Section 697.05, Florida Statutes (1983) because of the following exemption from the statute’s application recited in subsection 697.-05(5)(c):
Any mortgage created for a term of more than five years[.]
In this case the mortgage and underlying note were dated January 6, 1978. The note *533 provided for payment of the principal sum, together with interest thereon from January 6, 1978. Monthly payments of principal and interest commenced on February 6, 1978 and continued until January 6, 1983, at which time the remaining principal became payable.
The two issues before us are whether the trial court erred in (a) finding the exemption to apply and (b) entering final judgment while the petition for certiorari was pending here. We conclude it was not error to proceed to judgment but that the judgment was incorrect. Therefore we reverse and remand with direction that judgment be entered, declaring the subject instrument to be a balloon mortgage.
The trial court, relying on Perry v. Key West State Bank, 339 So.2d 248 (Fla. 3d DCA 1976), cert. denied, 351 So.2d 407 (Fla.1977), held that the five years was to be computed by counting the day of execution and delivery — January 6, 1978, in this case. By this calculation, the five years would end January 5, 1983, and the mortgage in question was for five years and a day, exempting it from the balloon mortgage restrictions.
In making its determination, the trial court was guided by the language from Perry that “the most reasonable interpretation of the phrase ‘term’ of the mortgage as used in Florida Statutes § 697.05(5)(c) is one which would exempt mortgages maturing more than five years from their date of execution and delivery.” Id. at 249. Seizing upon the word “from,” the lower court found that the term must include the execution and delivery dates. This interpretation was erroneous. The Perry court was merely naming the event from which the five years would run, not giving the method for deriving the initial date. That it did not intend such a result is to be seen at an earlier point in the opinion where the court was discussing a contention that the five years would begin from the date of the first payment, September 25, 1973. This, said the court, “would result in a mortgage with a term commencing on September 26, 1973.” Id. The instant trial court has therefore misconstrued Perry.
This conclusion is in accord with the principles of time computation in other areas of the law, as well as the Florida Rules of Civil Procedure, which provide for exclusion of the day of the relevant event in calculating time. See, e.g., Koehler Electrical Supply Company v. Berkley, 362 So.2d 1043 (Fla. 4th DCA 1978) (foreclosure of mechanic’s lien); Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla. 2d DCA 1976) (wrongful death statute of limitation); Florida Rule of Civil Procedure 1.090(a). This rule is uniformly applied in other states as well. In the absence of statutory authority, there appears to have been no reason for the trial court to deviate from the accepted method of time measurement, and hence no justification for this court to affirm.
As for the second issue, Florida Rule of Appellate Procedure 9.130(f) states that a final judgment cannot be rendered while an interlocutory appeal is pending, but says nothing with respect to petitions for writ of certiorari. While neither the trial court nor this court was given the benefit of any history of the rule’s development, valid reasons may well exist for not extending the rule to certiorari. For example, the writ is discretionary, and the two-prong test must be met before an application will be considered. Unlike a notice of appeal from a non-final order, which entitles the appealing party to consideration of the appeal on its merits, absent a successful motion to dismiss, a petition for certiorari can be summarily denied. There is little logic in requiring a stay for a request which may be so readily rebuffed. The only justification proposed by appellant for requiring a stay is the language of the rule; and the language, as we have said, is silent with respect to certiorari. Perhaps more importantly, appellant did not argue any prejudice that befell him as a result of the trial court proceeding as it did. The language of the mortgage and note were clear, making the sole issue equally clear— either the date of execution was to be *534 counted or it was not. Discovery was a waste of time in such case.
We have one final thought, which we express in an effort to be helpful to the bench and bar as opposed to being pedantic. This case went off on a motion for judgment on the pleadings in favor of the defendants. We recently suggested that a defendant’s motion for judgment on the pleadings admits the well pled allegations of the complaint. See Aquarius Condominium Association v. Markham, 442 So.2d 423 (Fla. 4th DCA 1983). Here, the plaintiff/appellant alleged in his complaint that the mortgage was a balloon mortgage; therefore we fail to see the appropriateness of defendants’ use of that procedural vehicle.
DOWNEY, J., concurs.
ANSTEAD, C.J., concurs specially with opinion.