DOWNEY, Judge.
This case involves an appeal from a final summary judgment for appellee, John A.W. Camillo, in a suit instituted by appellants, Snaith and wife, for declaratory relief and damages.
The essential facts are that, pursuant to a contract between Jean G. Cook (now appellant, Jean G. Snaith) and Arnold G. Har-aldson and Anne F. Haraldson, the Harald-sons agreed to sell a parcel of residential property to Cook for $112,500 with part of the purchase price being represented by a second purchase money balloon mortgage in the amount of $50,000. Both the buyer and the sellers were represented by appel-lee, John A.W. Camillo, each side paying one-half of his attorney’s fee. At closing appellants executed a note and second mortgage for $50,000, dated April 1, 1981, payable in installments over a period of five years with the final payment due April 1, 1986, in the principal amount of $49,-992.69, together with interest and any advancements by the mortgagees. The legend required by section 697.05(2)(a), Florida Statutes (1981), appears on the mortgage, *1149 but it does not appear at both points that section 697.05(2)(b) directs it should.
In 1983 appellants inquired of Camillo about the balloon aspect of the mortgage, apparently feeling that the mortgage as prepared did not meet the statutory requirements of section 697.05, Florida Statutes (1981), for balloon mortgages.- Not satisfied with Camillo’s response, appellants commenced this suit against Camillo and the Haraldsons. Count I of the amended complaint asked the court to declare the instrument a balloon mortgage and extinguish the interest called for thereunder and rewrite the principal payment schedule. Count II sought damages against Camillo for breach of contract because he did not prepare the balloon mortgage according to the statutory requirements. Count III sought punitive damages for the breach of contract, because Camillo always draws balloon mortgages this way, and because Camillo tried to divert appellants from pursuing their cause of action.
On motion of appellee Camillo for summary judgment, the trial court found that there was no genuine issue of material fact and that the mortgage in question was not a balloon mortgage because it fell within the purview of the statutory exception regarding “[a]ny mortgage created for a term of more than 5 years.” § 697.05(5)(c). The trial court so held because it found “that on the face of the note itself, it calls for the accrual of interest beginning on April 1, 1981 with a final payment due on April 1, 1986, thus, encompassing a payment schedule of five years and one day.” From that judgment the Snaiths perfected this appeal.
We recently held in Spielvogel v. Crown Realty Associates, 465 So.2d 532 (Fla. 4th DCA 1984), that a note and mortgage dated January 1, 1978, with the final balloon payment due January 1, 1983, was a balloon mortgage subject to section 697.-05 and not a mortgage of five years and one day. We see no reason why the reasoning set forth in Spielvogel should not control here insofar as appellants and Cam-illo are concerned. Thus, we hold that as between appellants and appellee Camillo, the mortgage in question is a balloon mortgage for a term of five years. Therefore, appellants received from Camillo exactly what they contend he was supposed to furnish, except that the mortgage does not set forth the legend in the exact manner required by section 697.05, Florida Statutes (1981). However that deficiency did not injure appellants in any fashion and thus their claims for damages against Camillo are groundless.
By this decision we do not intend to preclude the Haraldsons, nominal appellees here, from raising any and all defenses that may be available to them in defending against appellants’ complaint.
Accordingly the summary judgment in favor of appellee John A.W. Camillo is affirmed, and the cause is remanded for further proceedings.
LETTS and HERSEY, JJ., concur.