580 So.2d 166 (1991)
CHARLES REDI-MIX, INC., Appellant/Cross Appellee,
v.
Edward PHILLIPS and Rose Phillips, His Wife, Appellees/Cross Appellants.
Nos. 90-1517, 90-1518 and 90-1519.
District Court of Appeal of Florida, Fourth District.
February 27, 1991.
Motion for Rehearing June 12, 1991.
Robert L. Kilbride, Stuart, for appellant/cross appellee.
Joseph Negron, Jr., of Steger & Steger, P.A., Stuart, for appellees/cross appellants.
PER CURIAM.
Appellant sought to foreclose mechanics liens against the appellee owners on September 26, 1989. Appellees had filed notices, contesting the claims of lien; and the court clerk certified the mailing of copies of these notices on July 27, 1989, to appellant, which received them the following day.
Appellees raised the affirmative defense of untimeliness because of section 713.22(2), Florida Statutes (1989), then moved for summary judgment on this ground and also on the ground that appellant failed to serve the Notice to Owner properly as required by section 713.06(2)(a). The trial court entered summary final judgment in favor of appellees. In its order on rehearing, the trial court found for appellees on the question of untimeliness, but that appellant had complied with the notice to owner requirement.
Appellant claims its actions were not barred under section 713.22(2) and appellees cross-appeal the finding that appellant had met the Notice to Owner provisions of section 713.06(2)(a). We agree with the trial court on both points and affirm.
We are not unsympathetic to appellant's two arguments, its first and major being that it was entitled to an additional five days in which to file its lawsuits, the Notices of Contest of Lien having been served upon it by mail  because of Florida *167 Rule of Civil Procedure 1.090(e), which states:
(e) Additional Time After Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or paper is served upon him by mail, five days shall be added to the prescribed period.
Nevertheless, the two cases upon which appellant relies do not apply to the subject area of this appeal, Florida's Mechanic's Lien Law. Appellant contends Greer v. Estate of Smith, 342 So.2d 1007 (Fla. 4th DCA 1977), is analogous because no practical differences exist between the objectives of the probate code and the mechanic's lien law with respect to time limits. In Greer, a creditor was given the extra time allowed under Florida Rule of Civil Procedure 1.090(e), as it was then, to file its claim after the estate served written objection to its claim by mail. However, Florida Rules of Probate and Guardianship Procedure, as it existed in January 1975, specifically adopted Florida Rule of Civil Procedure 1.090 in rule 5.050(h), as this court noted in Greer. Id. at 1008. This factor significantly distinguishes Greer from the instant case.
Similarly, appellant's reliance on Investment & Income Realty, Inc. v. Bentley, 480 So.2d 219 (Fla. 5th DCA 1985), is misplaced. In Bentley, a landlord chose to mail a notice to pay rent or vacate rather than to hand deliver the notice or to leave a copy of it at the residence. The fifth district held that when a party to a civil action conducts service by mail, an additional five days must be added to the period of time designated for response or compliance. Notably the time frame was extremely short; the tenant had but three days to respond; and as appellees point out, Bentley is distinguishable from the instant case in that the instant case does not involve mailing by a party to the action. Service was performed by the clerk of the court who signed sworn notices as to the date of service of the Notices of Contest of Lien.
As the trial court stated in its order on rehearing, the Notice of Contest acts by operation of law to discharge a lien on the sixtieth day, without intervention of the court. Dykema v. Trans State Indus., Inc., 303 So.2d 52, 53 (Fla. 2d DCA 1974). In addition, the mechanic's lien law is to be strictly construed in every particular; and strict compliance is an indispensable prerequisite for a person seeking affirmative relief. Home Elec. of Dade County, Inc. v. Gonas, 547 So.2d 109, 111 (Fla. 1989).
Appellant's second argument is that actual receipt of the notices is required, thereby giving it one more day in which to file. It contends that the statement in the notice, "That the time within which you may file suit to enforce your lien is limited to sixty (60) days from the date of service of this Notice," leads a reasonable person to believe the time started running when the notice actually was received. However, the last sentence of section 713.22(2) unambiguously states that "service shall be deemed complete upon mailing." Hence, appellant's second argument also fails.
We see no need to address the cross appeal, finding no merit in appellees' contention that the Notices to Owner were inadequate.
GLICKSTEIN and GARRETT, JJ., concur.
WARNER, J., dissents with opinion.
WARNER, Judge, dissenting.
While I concur with the majority as to the issue on cross appeal, I respectfully dissent as to the service issue raised. I think that Greer v. Estate of Smith, 342 So.2d 1007 (Fla. 4th DCA 1977) and Investment and Income Realty, Inc. v. Bentley, 480 So.2d 219 (Fla. 5th DCA 1985) are analogous situations and require the application of Florida Rule of Civil Procedure 1.090(e) to this case.
Florida Rule of Civil Procedure 1.010 states:
These rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the probate and guardianship rules or the summary *168 claims procedure rules apply. The form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action. These rules shall be known as the Florida Rules of Civil Procedure.
Thus, the rules apply to procedures under the statute to foreclose liens. This court has previously applied Rule 1.090(a) in construing whether or not a complaint to foreclose a mechanic's lien was timely filed. See Koehler Elec. Supply Co., Inc. v. Berkley, 362 So.2d 1043 (Fla. 4th DCA 1978). Thus, we have acknowledged that at least part of Florida Rule of Civil Procedure 1.090 applies. As the Greer opinion states, the rules of civil procedure are cumulative of the statutory procedure, and the two must be construed together. I would hold that Florida Rule of Civil Procedure 1.090(e) applies and that since the notice was served by mail the appellant had an additional five days in which to file its suit.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the motion for rehearing.
WARNER and GARRETT, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I address that part of the dissent to the majority opinion, which should have been addressed earlier; namely, the discussion therein of Koehler Elec. Supply Co. v. Berkley, 362 So.2d 1043 (Fla. 4th DCA 1978).
While I respect the concern expressed in the dissent and appreciate the issue being raised, I have a number of concerns about extending Koehler to this case. There the court said:
We are called upon here to determine whether a mechanic's lien was timely foreclosed. Appellant recorded a claim of lien on August 16, 1976, and filed a complaint to foreclose the lien on August 16, 1977. The trial court dismissed the action with prejudice for failure to enforce the lien within one year. We reverse.
The applicable mechanic's lien statute provides:
"No lien provided by part I shall continue for a longer period than 1 year after the claim of lien has been recorded, unless within that time an action to enforce the lien is commenced." Fla. Stat. Sec. 713.22(1).
The Rules of Court uniformly prescribe that in computing time, the day of the event from which the period of time begins to run shall not be included. Rule 1.090(a) Fla.R.Civ.P., Rule 3.040 Fla.R. Crim.P., Rule 9.420(e) Fla.R.App.P.
Id. at 1043.
Here, section 713.22(2), Florida Statutes (1989), provides:
(2) An owner or his agent or attorney may elect to shorten the time prescribed in subsection (1) within which to commence an action to enforce any claim of lien or claim against a bond or other security under s. 713.23 or s. 713.24 by recording in the clerk's office a notice in substantially the following form:
NOTICE OF CONTEST OF LIEN
To: (Name and address of lienor) You are notified that the undersigned contests the claim of lien filed by you on ____ 19__, and recorded in ____ Book ____, Page ____, of the public records of ____ County, Florida, and that the time within which you may file suit to enforce your lien is limited to 60 days from the date of service of this notice. This ____ day of ____ 19__.
Signed: (Owner or Attorney)

The lien of any lienor upon whom such notice is served and who fails to institute a suit to enforce his lien within 60 days after service of such notice shall be extinguished automatically. The *169 clerk shall mail a copy of the notice of contest to the lien claimant at the address shown in the claim of lien or most recent amendment thereto and shall certify to such service on the face of such notice and record the notice. Service shall be deemed complete upon mailing.
(Emphasis supplied.) These notices are being sent to a plethora of diverse players in the real estate field  lienors, lenders, sureties and lawyers to name a few  all now relying upon the clarity of the statute and one person to make it all work; namely, the clerk. It works because it is simple and easy to implement. Had the lienor complied with the statute, as written, there would have been no problem in this case.
We are not barraged in the judicial system with "notice" cases although we see our share of disputes arising out of the way "parties serve papers." Andy Rooney could put together a piece on some of the disputes, there being enough material on the subject about mailings, receipts, private agreements for notice and the like. The mechanic's lien law needs simplicity in its application.
The late Sam Ervin's observation about things being fixed that "ain't broke" comes to mind. Section 713.22(2) does not need "fixin" in my view.