682 So.2d 1149 (1996)
THE JEWISH FEDERATION OF PALM BEACH COUNTY, INC., Appellant,
v.
Robert D. RAPAPORT, Appellee.
No. 95-4060.
District Court of Appeal of Florida, Fourth District.
October 16, 1996.
Rehearing and Rehearing Denied November 25, 1996.
*1150 Marshall J. Osofsky of Lewis, Vegosen, Rosenbach & Silber, West Palm Beach, for appellant.
Jeffrey D. Fisher of Law Office of Jeffrey D. Fisher, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied November 25, 1996.
FARMER, Judge.
We affirm the trial court's order finding that the Jewish Federation defaulted in its obligations under the December 1993 Stipulation and Settlement Agreement with Rapaport. We further affirm the trial court's imposition of a monetary sanction for the default, even though the default had been cured by the time the court considered the matter.
The stipulation provided that:
"8. The signatories hereto agree that upon approval of this Settlement Stipulation by the court, the requirements of Paragraphs 6 and 7 above shall become orders of the court and the court shall use its contempt power to enforce the requirements of said Paragraphs 6 and 7 and to fashion whatever remedy the court may deem appropriate for default thereunder, including (without limitation) imposition of an appropriate per diem fine in recognition of the fact that RAPAPORT has compromised substantial claims in contemplation of Plaintiffs' timely performance of this Stipulation." [e.s.]
We agree with the trial judge that the underscored text authorized the court to award Rapaport monetary sanctions against the Federation for its untimely performance of the stipulation, even though the default lay in the Federation's untimely (by 5 days) performance under the agreement, which the court found was not contumacious. We further agree with the trial court that the monetary sanctions could embrace the costs and attorney's fees incurred by Rapaport in ascertaining that a default had occurred and in advocating, although unsuccessfully, that the default be punished as contempt.
The Federation also contends that the trial court could not have determined the amount of the monetary sanction without holding a further hearing. We disagree. The court's order finding that a default had occurred specifically provided:
"1. [Rapaport] is hereby ordered to submit to the Court, on or before August 25, 1995 (copies to opposing counsel), all of the fees and costs incurred since execution of the December 19, 1993 Agreement which bear a reasonable relationship to enforcement of his rights hereunder.
"2. Thereafter, [Federation] shall have ten (10) days to file any objections thereto (copies to opposing counsel). Said objections shall be stated succinctly and with specificity.
"3. Thereafter if an evidentiary hearing is necessary, the Court will set one; if none is necessary, the Court will enter its order delineating the specific monetary damages awarded to [Rapaport]."
We agree with Rapaport that the Federation waived any additional hearing.
In the first placeand foremostthe objections from the Federation's counsel were untimely. Rapaport's lawyer filed and served his submission of costs and fees incurred in the default litigation on August 25th. The Federation's lawyer did not file or serve any objection until September 7th, or more than 10 days after Rapaport's submission *1151 was filed. The Federation's attorney now argues that he was entitled to an additional 5 days to file his objection because Rapaport's submission was mailed to him on August 25th.[1] In our opinion, the time for the Federation to file its objection was controlled by the trial court's orderi.e., not later than 10 days after Rapaport filed his submission. We conclude that the provision for additional time when a document has been served by mail, see Florida Rule of Civil Procedure 1.090(e), does not apply when a judge has directed that something be filed with the court at a specified time, unless the judge's directive makes clear that additional time for performance after the mailing of the qualifying paper is permitted.
Secondly, the objection untimely filed by Federation's attorney does not contain any request for an additional hearing. In short, its objection does not alert the trial judge to its current contention that an additional evidentiary hearing was necessary for the Federation to make its objections. As it omitted such a request, the objection obviously also fails to contain any statement as to why its written objection did not adequately convey the nature and extent of its opposition to the amount of costs and fees claimed by Rapaport. Nor does it suggest what additional evidence it wanted to adduce in support of its objection. If such an additional evidentiary hearing was indispensable to a proper resolution of the matter, as the Federation's attorney now so determinedly contends, it seems curious that the objection prepared by him is so deafeningly silent on the matter.
Finally, the objection filed by the Federation's attorney was principally rooted in its contention that, under the December 1993 stipulation, Rapaport was not entitled to any monetary sanctions from the Federation for costs and fees incurred after the date of final performance on April 17, 1995, and all of the fees and costs were incurred for services performed after that date. The Federation explains that, because the performance was then complete and no benefit was conferred on Rapaport by the legal services of his lawyer after that date, the services bore no reasonable relationship to his right of enforcement under the stipulation. As that argument is so obviously defeated by the stipulation itselfnot to mention the Federation's own scorched-earth defense of Rapaport's attempts to use paragraph 8 to ascertain whether performance had in fact been done and within the time limits of the stipulation, and thence to remedy the Federation's admitted defaultwe can understand why the trial court concluded that no additional evidence was really necessary to fix the amount of the monetary sanction.
AFFIRMED.
GUNTHER, C.J., and POLEN, JJ., concur.
NOTES
[1] Actually the certificate of service on the Notice of Filing of the submission suggests that it was faxed to the Federation's attorney on August 25th as well as mailed, but we shall let that little fact pass us by.