703 So.2d 538 (1997)
VOLKSBANK REGENSBURG eG, Appellant,
v.
Peter L. BURGER, Appellee.
No. 97-2628.
District Court of Appeal of Florida, Fourth District.
December 31, 1997.
Scott J. Leitten of Block & Colucci, P.C., Jupiter, for appellant.
William A. Fleck of Kramer, Ali, Fleck & Carothers, Jupiter, for appellee.

EN BANC
PER CURIAM.
This is an appeal by the plaintiff/appellant of a non-final order, granting the motion of the defendant/appellee to vacate and set aside clerk's certificate of no objection. We affirm and recede from Charles Redi-Mix, Inc. v. Phillips, 580 So.2d 166 (Fla. 4th DCA 1991), to the extent that it conflicts with Greer v. Estate of Smith, 342 So.2d 1007 (Fla. 4th DCA 1977).
On January 24, 1997, appellant recorded in the Palm Beach County circuit court a judgment it had obtained against appellee in the Local Court of Regensburg, Germany on January 12, 1995, in accordance with the procedures described in section 55.604(1), Florida Statutes (1995), in order to have the foreign judgment recognized and enforced pursuant to section 55.604. The statute requires the clerk to mail notice of the recording, by registered mail with return receipt requested, to the judgment debtor, section 55.604(1)(b), and the clerk's notice, giving appellee thirty days in which to file a notice of objection, was dated January 24, 1997. The return receipt indicated that the notice was delivered to appellee on January 27, 1997.
On February 26, 1997, the clerk's certificate of no objection was recorded, permitting the foreign judgment to be enforced as a judgment of a Florida court pursuant to section 55.604(5). On February 27, 1997, appellee served appellant by mail with his notice of objection, and attempted to file it in the circuit court; but the clerk refused it because the certificate of no objection already had been recorded.
Appellee thereafter served his motion to vacate and set aside clerk's certificate of no objection, in which he argued that the certificate had been filed too soon because the notice of recording was served on him by mail, and therefore five extra days were permitted under Florida Rule of Civil Procedure 1.090(e) in computing the thirty days for filing the notice of objection. The trial court properly granted the motion.
*539 Florida Rule of Civil Procedure 1.090(e) provides as follows:
When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail, 5 days shall be added to the prescribed period.
Florida Statute section 55.604(1)(b) (emphasis added) provides that "[p]romptly upon the recording of the foreign judgment ... the clerk shall mail notice of the recording of the foreign judgment, by registered mail with return receipt requested, to the judgment debtor...." Section 55.604(2) gives the judgment creditor "30 days after service of the notice" in which to file the notice of objection.
There is no rule of procedure specified in section 55.604 which prevents the addition of five days for mailing pursuant to rule 1.090(e). As appellee points out, the statute does not say anywhere that rule 1.090(e) is not to apply. He relies on Investment & Income Realty, Inc. v. Bentley, 480 So.2d 219 (Fla. 5th DCA 1985), in which rule 1.090(e) was applied to a section 83.56(3) notice to pay rent or vacate that the landlord mailed to the tenant, using one permissible means of service; there, the court consequently affirmed the trial court's dismissal of the landlord's eviction action as prematurely filed.
In Greer the court concluded that the date of service of an objection to a claim was the date of actual receipt rather than the date of mailing. Even so, if the objection were properly mailed, there was nothing in the governing statute that prevented application of the extra three days for mailing which rule 1.090(e) then provided in calculating the time  one calendar month after the date of service of the objection  in which the claimant could file a complaint pursuant to section 733.18(2), as worded in January of 1975. Utilizing the three days, it found appellant's complaint  filed on January 23, 1975, after the claimant received the objection on December 21, 1974  was timely, and reversed the trial court's order dismissing the complaint. The same rule should apply here.
We recede from Charles Redi-Mix to the extent it suggests that no extra time after service by mail is allowed under rule 1.090(e) when mailing is done by the clerk of the court.
STONE, C.J., and GLICKSTEIN, DELL, GUNTHER, WARNER, POLEN, KLEIN, STEVENSON, SHAHOOD and GROSS, JJ. concur.
FARMER, Judge, specially concurs with opinion.
I concur in receding from Charles Redi-Mix, Inc. v. Phillips, 580 So.2d 166 (Fla. 4th DCA 1991). I write only to add my own view that rule 1.090 itself commands this result.
Rule 1.090 begins with the following text:
"(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." [e.s.]
Fla.R.Civ.P. 1.090(a). Thus it is easily seen that the time computations to which the rule was designed to apply include those arising under a statute. This seems to me to be especially appropriate to statutory time periods that pertain, as here, to procedure.
Moreover, the text of subdivision (e)  directly in issue here  is certainly in harmony with subdivision (a):
"(e) Additional Time after Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail, 5 days shall be added to the prescribed period." [e.s.]
Fla.R.Civ.P. 1.090(e). The "right to do some act" in subdivision (e) is not limited by appropriate words to those acts specified in the civil rules alone. Because subdivision (e) lacks such words of limitation, the "right to do some act" within its terms must include those rights to do an act specified in subdivision (a). The rights to do an act under subdivision (e) perforce include those arising *540 under the rules, any order of court, or as here under any statute.