893 So.2d 649 (2005)
Michelle HORVATH, Appellant,
v.
Mark HORVATH, Appellee.
No. 4D03-3381.
District Court of Appeal of Florida, Fourth District.
February 16, 2005.
*650 Troy W. Klein of Troy W. Klein, P.A., West Palm Beach, for appellant.
Allison E. Butler and Peter T. Gianino of The Law Offices of Grazi & Gianino, Stuart, for appellee.
GROSS, J.
In this appeal from a final judgment dissolving a ten-year marriage, we write primarily to address the wife's argument that the trial court abused its discretion when it awarded the marital home to the husband.
At the time of the trial, the wife resided in the home in Martin County and the husband had moved to Tampa. In the dissolution proceeding, the wife sought the marital residence, deeming it her dream home. The husband expressed no preference as to who retained ownership of the house; he viewed it primarily as an asset that should be equitably distributed.[1]
The trial court found that the parties did not live a lavish lifestyle. They drove older cars, spent frugally, and put "virtually all of their funds into the marital home which [was] without question their most significant marital asset." After reviewing the couple's financial condition, the court observed that "[a]lthough it is not likely that either party will be able to maintain the cost of the home, the husband's employment income is more likely to enable him to do so."
The trial court determined the residence had a market value of $275,000, with a mortgage of $58,676. The only other significant marital assets were the retirement accounts of the parties, $89,328 for the husband, and $44,000 for the wife.
The court allowed each party to retain their respective retirement accounts. Including *651 the retirement account, the wife received $70,850 in marital assets in the final judgment. The court awarded the marital home to the husband, requiring him to pay the wife $129,329 to equalize the equitable distribution. Thus, the wife left the marriage with $200,179 in marital assets [$70,850 + 129,329 = $200,179]; the husband netted $200,179 in marital assets [$388,184  ($129,329 equalizing payment + $58,676 mortgage balance) = $200,179].
The trial court did not abuse its discretion by giving little weight to the wife's emotional attachment to the home and treating it primarily as a monetary asset. The court fashioned a disposition that would enhance the home's value to the divorcing couple. The husband was in a better financial position to carry the house and to make the equalizing payment to the wife.[2] There were no children born in the marriage, so that reason for keeping a spouse in the marital home did not exist.
On this record, it is difficult to see how the wife would have managed financially had the court awarded her the residence. During the dissolution proceeding, the husband had paid the majority of the costs associated with the home since the parties' separation. The wife's financial situation would not have allowed her to buy the husband's share in the residence and continue paying the monthly $1,600 mortgage payment. In a dissolution where the parties had minimal assets other than equity in the marital residence, the trial court acted within its discretion to maximize the couple's financial return by awarding the residence to the husband, ordering him to be solely liable for the mortgage and all expenses on the property, and requiring him to pay the wife $129,329 to equalize the parties' marital assets. See Krafchuk v. Krafchuk, 804 So.2d 376, 380 (Fla. 4th DCA 2001) (holding that trial court's ruling on the distribution of marital assets is subject to appellate review under an abuse of discretion standard).
On the remaining issues, we find no error. After the trial, on July 11, 2003, the trial court wrote the parties and inquired about deficiencies in the record relating to alimony and attorney's fees. The letter gave the parties ten days to respond. Receiving no response to the letter, the trial court entered the final judgment on July 29. The wife argues that the trial court, when giving the parties ten days to respond to its July 11 letter, erred as a matter of law by failing to add five days to the ten-day period pursuant to Florida Rule of Civil Procedure 1.090(e). However,
the provision for additional time when a document has been served by mail, see Florida Rule of Civil Procedure 1.090(e), does not apply when a judge has directed that something be filed with the court at a specified time, unless the judge's directive makes clear that additional time for performance after the mailing of the qualifying paper is permitted.
Jewish Fed'n of Palm Beach County, Inc. v. Rapaport, 682 So.2d 1149, 1151 (Fla. 4th DCA 1996).
Affirmed.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] In her brief, the wife looks to statements made by the husband's counsel in closing argument and claims that the parties had "what amounted to an on the record stipulation regarding the home." Our review of the record reveals no such stipulation. In his petition for dissolution, the husband requested that he be awarded the marital residence. At no point during the trial did the husband inform the trial court that the residence should be awarded to the wife; instead the husband's lawyer explained various possibilities to the court, which included giving the wife title or placing the residence on the open market.
[2] Pursuant to a court order, on October 9, 2003, title of the residence was transferred to the husband and the wife received $129,329 from him. Florida Rule of Appellate Procedure 9.600(c)(2) provides that "[t]he receipt, payment, or transfer of funds or property under an order in a family law matter shall not prejudice the rights of appeal of any party."