935 So.2d 103 (2006)
Allen F. FURIA and Carol Becket Furia, Appellants,
v.
Evan ZICCARELLI, Appellee.
No. 4D05-4111.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
Richard A. Sherman, Sr., and Richard A. Sherman, Jr. of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Leonard C. Bishop of Law Offices of Leonard C. Bishop, Fort Lauderdale, for appellants.
Mary M. Cantwell of Markcity, Rothman & Cantwell, P.A., Plantation, for appellee.
GROSS, J.
In this case, we hold that the five day mailing rule of Florida Rule of Civil Procedure 1.090(e) extends the twenty day time limit for filing a motion for trial under rule 1.820(h) after the service by mail of an arbitration decision.
Evan Ziccarelli sued Allen and Carol Furia for motor vehicle negligence. After Ziccarelli noticed the case for trial, the trial court ordered the case to arbitration pursuant to section 44.103, Florida Statutes (2004), and rule 1.800.
After the arbitration hearing, the arbitrator rendered a written decision awarding Ziccarelli $27,000 in damages. The arbitration decision was mailed to the parties on February 23, 2005.
Twenty-one days later, on March 16, 2005, the Furias filed a notice for jury trial/trial de novo. See § 44.103(5), Fla. Stat. (2004) (providing that an "arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court"). Ziccarelli moved (1) to strike the notice for trial and (2) for the entry of a final judgment confirming the arbitration award.
The trial court ruled that the Furias' notice for trial was untimely and entered a final judgment in favor of Ziccarelli.
Section 44.103(5) states that the time limit for filing a request for a trial de *104 novo shall be established "by rules promulgated by the Supreme Court." Rule 1.820 "created the procedure to effectuate the statute." Stowe v. Universal Prop. & Cas. Ins. Co., 31 Fla. L. Weekly D1859, So.2d ___, ___, 2006 WL 1896714, at *1 (Fla. 4th DCA July 12, 2006). Rule 1.820(h) establishes the time limit for moving for a trial de novo after an arbitrator's decision, providing that "if a motion for trial is not filed within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the [arbitrator's] decision." In Stowe, we held that rule 1.820(h) creates a twenty day window after an arbitrator's decision within which to file a motion for trial.
The plain language of Rule 1.090(e) makes it applicable to extend the twenty day window of rule 1.820(h) by five days. Rule 1.090(e) reads:
(e) Additional Time after Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail, 5 days shall be added to the prescribed period.
"The express language of [rule 1.090(e)] does not limit its scope; it applies to all circumstances `[w]hen a party has a right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party'" BNP Paribas v. Wynne, 30 Fla. L. Weekly D195, ___ So.2d ___, 2005 WL 53262 (Fla. 4th DCA Jan. 12, 2005) (citing Volksbank Regensburg v. Burger, 703 So.2d 538 (Fla. 4th DCA 1997) (en banc)). The rule 1.820(h) requirement that a notice for trial be served within the twenty day period after an arbitration decision is a requirement that a party "do some act . . . within a prescribed period after the service of . . . other paper upon that party" under rule 1.090(e). Thus, when an arbitration decision is mailed to the parties, each party has twenty-five days from the date of the mailing within which to file a motion for trial.
Ziccarelli relies on Horvath v. Horvath, 893 So.2d 649 (Fla. 4th DCA 2005), and Jewish Federation of Palm Beach County, Inc. v. Rapaport, 682 So.2d 1149 (Fla. 4th DCA 1996), to argue that the Furias' notice of trial was untimely under the trial court's arbitration order, which required that the request for trial de novo be filed within twenty days of the "filing" of the arbitration decision. Rule 1.820(h) measures the twenty day window period from the date of the "service" of the arbitration decision. Unless a rule of civil procedure allows alteration of a time limit, a trial court's local rule may not supersede a time limit provided in a rule of civil procedure. See Fla. R. Civ. P. 1.010. To the extent that it shortened the rule 1.820(h) time limit, the trial court's arbitration order was invalid. Although Horvath and Jewish Federation held that rule 1.090(e) did not apply "when a judge has directed that something be filed with the court at a specified time," Horvath, 893 So.2d at 651, neither case involved a court order that changed a time limit contained in a rule of civil procedure. Horvath, for example, involved a letter from a judge to the parties after trial in a divorce case requesting certain information and giving the parties ten days to respond.
We reverse the final judgment entered in favor of Ziccarelli and remand to the circuit court for trial.
WARNER and KLEIN, JJ., concur.