SILBERMAN, Judge.
Section 44.103, Florida Statutes (2012), and Florida Rule of Civil Procedure 1.820(h) provide that a party to court-ordered, nonbinding arbitration has twenty days after service of the arbitrator’s decision to request a trial de novo before the decision is referred to the trial court for entry of a final judgment. Florida Rule of Civil Procedure 1.090(e) (2011) adds five days to a prescribed period when a party is required to take some action within a prescribed period after a paper is served and the paper is served by mail. The *339 question on appeal is whether rule 1.090(e) extends the time for requesting a trial de novo by five days when the arbitrator’s decision is served by mail. We answer that question in the affirmative. Because Diane Harold timely requested a trial de novo and the trial court prematurely entered its final judgment, we reverse.
Harold filed an amended complaint asserting medical malpractice and nursing negligence claims against the Appellees in May 1998 for failure to timely diagnose or treat viral meningitis. After various court proceedings that are not pertinent to this appeal, the parties participated in court-ordered, nonbinding arbitration in August 2012. The arbitrator determined that the Appellees were not negligent and served its decisions on September 18, 2012. The decisions do not set forth the method of service, but the parties agree that service was by mail. On October 11, 2012, twenty-three days after service, the trial court rendered and the clerk mailed a final judgment in conformance with the arbitration decisions. The final judgment notes that no party filed a request for trial de novo within twenty days of service of the arbitration decisions. On that same date, Harold filed an objection to the arbitration decisions and a demand for trial de novo.
Harold argues that her objection and demand for trial de novo were timely under section 44.103 and rules 1.820(h) and 1.090(e). Section 44.103 sets forth the process for court-ordered, nonbinding arbitration. Subsection (5) provides that a nonbinding arbitration decision is final if neither party files a request for trial de novo within the time period set forth in the rules promulgated by the Florida Supreme Court. In that event, the arbitration decision shall be referred to the trial court for entry of judgment thereon. Id.
Rule 1.820(h) sets forth the process for requesting a trial de novo after nonbinding arbitration. It sets a twenty-day time period for requesting a trial de novo as follows:
If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.
Thus, section 44.103(5) and rule 1.820(h) provide a party twenty days after service of the arbitrator’s decision to request a trial de novo before the matter is referred to the trial court for entry of a final judgment.
Rule 1.090 sets forth the process for computing time as prescribed by the rules of civil procedure. Subsection (e) adds five days to a prescribed period “[w]hen a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail.”[1] As the Fourth District has recognized, the plain language of rule 1.090(e) reflects that it applies to nonbinding arbitration decisions because rule 1.820(h) provides a party twenty days after service of the arbitrator’s decision to request a trial de novo. See Furia v. Ziccarelli, 935 So.2d 103, 104 (Fla. 4th DCA 2006).
The Appellees assert that applying the five-day extension of time in rule 1.090(e) contravenes the express intent of section 44.103(5) and rule 1.820(h) that a party’s *340 right to trial de novo be forfeited if the party fails to make a request within twenty days of service of the arbitration decision. The Appellees argue that Florida courts have consistently held that upon expiration of the twenty-day time period enforcement of the arbitration award is mandatory.
We are not persuaded by these arguments because neither section 44.103(5) nor rule 1.820(h) provides that rule 1.090(e) does not apply. See Volksbank Regensburg eG v. Burger, 703 So.2d 538, 539 (Fla. 4th DCA 1997) (en banc) (holding that rule 1.090(e) applies to extend the time period for objecting to the recording of a foreign judgment set forth in section 55.604, Florida Statutes (1995), because section 55.604 does not contain language specifying that rule 1.090(e) does not apply). Moreover, the Appellees have not cited to any Florida cases declining to apply rule 1.090(e) to a nonbinding arbitration award served by mail. In fact, the only district court that appears to have addressed the matter has determined that rule 1.090(e) applies. See Furia, 935 So.2d at 104.
Thus, We conclude that rule 1.090(e) extends the time for a party to request a trial de novo by five days when a court-ordered, nonbinding arbitration decision is served by mail. Because the arbitrator’s decision in this case was served by mail, Harold’s objection-and demand for trial de novo were timely filed and the final judgment was premature. We therefore reverse and remand with directions for the court to conduct a trial de novo.
Reversed and remanded.
ALTENBERND, J., and DAVIS, CHARLES A., JR., SENIOR JUDGE, Concur.

. We note that after service of the arbitration award, the Florida Supreme Court approved amendments to the rules which relocate the five-day extension of time to Florida Rule of Judicial Administration 2.514(b). See In re Amendments to the Fla. Rules of Judicial Admin., 95 So.3d 96 (Fla.2012).